■ ANTHONY DI BERNARDO, Respondent-Appellant, v TONA-

WANDA PUBLISHING CORP. et al., Appellants-Respondents.—Order unanimously modified, on the law, and, as modified, affirmed, without costs, in accordance with the following memorandum: Defendants appeal from an order denying their motion for summary judgment or partial summary judgment. The complaint alleges defamation in a series of writings published in the *Tonawanda News* over a two-year period. Plaintiff contends that the writings expressly and implicitly stated that he was involved in improper and dishonest conduct in obtaining permanent appointment as Superintendent of Buildings and Grounds in the North Tonawanda School District.

We are here concerned with three separate categories of publication: (1) a series of news articles; (2) two editorials; and (3) a letter to the editor published anonymously.

In moving for summary judgment, defendants argued that plaintiff failed to state a cause of action for libel; failed to meet his burden as a public figure to show that defendants acted with actual malice; and, in any event, failed to demonstrate that defendants acted in a grossly irresponsible manner.

It is for the court in the first instance to determine whether the printed words are susceptible to the particular defamatory meaning ascribed to them by plaintiff *(Aronson v Wiersma,* 65 NY2d 592; *Tracy v Newsday, Inc.,* 5 NY2d 134). The words must be given their ordinary meaning and viewed in context without straining to find them either libelous or nonlibelous *(James v Gannett Co.,* 40 NY2d 415; *Cohn v National Broadcasting Co.,* 50 NY2d 885, *cert denied* 449 US 1022; *November v Time Inc.,* 13 NY2d 175).

Addressing first the series of articles published between September 1981 and December 1982, as set forth in the original complaint, we find nothing therein which can be viewed as defamatory. The writings state either expressly or impliedly that political influence and manipulation were involved in plaintiff's quest for appointment, but absent a clear assertion of criminality, accusations of political influence to obtain a benefit are not defamatory *(Arrigoni v Velella,* 110 AD2d 601; *Pace v Rebore,* 107 AD2d 30).

Plaintiff next contends that two published editorials are libelous and are not protected by opinion immunity. We disagree. Editorial opinion may not be the subject of a defamation action provided that the facts supporting the opinion are set forth. Free and open debate on matters of public concern

must be unhampered "by the spectre of the imposition of libel damages for the expression of a harsh or unpopular opinion" *(Silsdorf v Levine,* 59 NY2d 8, 13, *cert denied* 464 US 831). Expressions of opinion containing charges of criminal conduct, however, are not afforded such protection *(Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369, *cert denied* 434 US 969).

Here, viewing the two editorials in perspective with all of the other writings on the subject, they at most express the view that plaintiff had been unethical in securing the appointment as Superintendent of Buildings and Grounds. They contain no accusation of criminal conduct on the part of defendant and are not themselves actionable.

We reach a different conclusion as to the letter to the editor, published anonymously. The letter accused plaintiff of "corruption" and "bribery". Although plaintiff is not a public official, he is a public figure in the context of this appointment controversy *(see, Rosenblatt v Baer,* 383 US 75; *James v Gannett Co.,* 40 NY2d 415, *supra).* He has thrust himself to the forefront of the controversy, and by his actions has invited attention and comment. In order to establish his cause of action he must show the existence of actual malice *(New York Times Co. v Sullivan,* 376 US 254). He must prove that defendants acted with knowledge of the falsity, or with reckless disregard for the falsity of the letter. "Malice, which turns in part on defendant's state of mind or purpose, is generally not amenable to summary judgment [citations omitted]" *(Arrigoni v Velella,* 110 AD2d 601, 604, *supra).* Since there are triable issues of fact as to whether the letter was published by defendants with malice, summary judgment was properly denied. In this regard, we note that in order to lend meaning and context to the anonymous letter to the editor, it will be appropriate at trial that the entire series of publications be offered for consideration *(see, Silsdorf v Levine,* 59 NY2d 8, *supra).*

Finally, we address the court's denial of motions of both parties to amend their respective pleadings. As to plaintiff's motion to amend the complaint to include published statements attributed to the District Attorney, defendants' brief on appeal does not directly address the issue presented. With respect to defendants' motion to amend the answer to include a Statute of Limitations defense, plaintiff contends only that the motion was unduly delayed. It is argued in support of each motion to leave to amend should be freely granted *(see,* CPLR 3025). Since no other issues are raised by either of the parties, both motions are granted *(see, Fahey v County of Ontario,* 44

NY2d 934). (Appeals from order of Supreme Court, Niagara County, Cook, J.—summary judgment.) Present—Dillon, P. J., Doerr, Green, O'Donnell and Pine, JJ.