■ ROBERT S. PRITCHARD, Appellant, v HERALD COMPANY et al., Respondents. (Appeal No. 1.)—Order unanimously affirmed, with costs. Memorandum: Plaintiff appeals from an order granting summary judgment dismissing his libel complaint and denying a cross motion for discovery and related relief. The complaint alleges that an article published on May 20, 1984 expressly and impliedly stated that plaintiff was being removed from a leadership position in a quasi-official body because of incompetence, inability or misconduct, and that plaintiff was a contentious person who advocated the use of force in racial conflicts.

"It is for the court in the first instance to determine whether the printed words are susceptible to the particular defamatory meaning ascribed to them by plaintiff *(Aronson v Wiersma,* 65 NY2d 592; *Tracy v Newsday, Inc.,* 5 NY2d 134). The words must be given their ordinary meaning and viewed in the context without straining to find them either libelous or nonlibelous *(James v Gannett Co.,* 40 NY2d 415; *Cohn v National Broadcasting Co.,* 50 NY2d 885, *cert denied* 449 US 1022; *November v Time Inc.,* 13 NY2d 175)." *(Di Bernardo v Tonawanda Pub. Corp.,* 117 AD2d 1009, 1010.)

The article reported an impending change in the leadership of the Mayor's Conference on Minority Affairs and stated that the Syracuse Mayor has offered a leadership role to the leader of a traditional black organization in order to entice various traditional minority groups and organizations to join the Conference. There was no assertion of incompetence, inability or misconduct on the part of plaintiff. Further, describing plaintiff as "controversial" or a "black activist", when judged by the temper of the times and the current of contemporary public opinion *(see, Mencher v Chesley,* 297 NY 94, 100; *Schermerhorn v Rosenberg,* 73 AD2d 276, 284-285), does not arouse in the mind of the average person in the community an evil or unsavory opinion nor expose plaintiff to public hatred, contempt, or aversion *(Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369, 379, *cert denied* 434 US 969). Plaintiff's claim that the article implies negative characteristics harmful to his reputation lacks merit. If the words expressed in an article are not capable of the defamatory meaning ascribed to them by plaintiff, innuendo cannot enlarge upon their plain meaning to convey an import that was not expressed *(Tracy v Newsday, Inc., supra,* p 136). Summary judgment was, therefore, properly granted. (Appeal from order of Supreme Court, Onondaga County, Hayes, J.—summary judgment.) Present—Dillon, P. J., Callahan, Denman, Pine and Balio, JJ.