■ VIVIENNE TELLIER-WOLFE et al., Respondents, v VIACOM BROADCASTING, INC., Doing Business as WHEC-TV "CHANNEL 10", Appellant.—Order unanimously reversed on the law without costs and motion granted. Memorandum: Special Term incorrectly treated defendants' motion to dismiss the complaint for failure to state a cause of action (CPLR 3211 [a] [7]) as one for summary judgment (CPLR 3212). While CPLR 3211 (c) permits the court to treat a motion to dismiss as one for summary judgment, it may only do so by first giving adequate notice to the parties. Absent such notice, there can be no such conversion by the court *(see, Guggenheimer v Ginzburg,* 43 NY2d 268, 272).

On a motion to dismiss for failure to state a cause of action, "the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail" *(Guggenheimer v Ginzburg, supra,* at 275). Moreover, we must accept the facts alleged as true *(Morone v Morone,* 50 NY2d 481, 484).

In a defamation action it is for the court in the first instance to determine whether the (spoken) words are susceptible to the particular defamatory meaning ascribed to them by plaintiff *(see, Aronson v Wiersma,* 65 NY2d 592; *Pritchard v Herald Co.,* 120 AD2d 956; *Di Bernardo v Tonawanda Publ. Corp.,* 117 AD2d 1009). The words must be considered in the context of the entire statement or publication as a whole *(Aronson v Wiersma, supra,* at 594) for the court will not pick out and isolate particular phrases *(James v Gannett Co.,* 40 NY2d 415, 419, *rearg denied* 40 NY2d 990), and the publication will be tested by its effect on the average reader *(Aronson v Wiersma, supra,* at 594). The language will be given a fair reading *(James v Gannett Co., supra,* at 420) and the words will be given their ordinary meaning *Di Bernardo v Tonawanda Publ. Co., supra,* at 1010). The court will not strain to

give either a libelous or nonlibelous construction to them *(Aronson v Weirsma, supra,* at 594). Moreover, if the words expressed are not susceptible of a defamatory meaning, then "innuendo cannot enlarge upon their plain meaning to convey an import that was not expressed" *(Pritchard v Herald Co., supra; Tracy v Newsday, Inc.,* 5 NY2d 134, 136).

The broadcast on defendant's 6 o'clock evening news on December 23, 1985 featured a human interest story about a hermit known as "Red" who had lived for 40 years in shacks that he built on land behind Richardson's Canal House Inn restaurant, owned by plaintiff, Tellier-Wolfe. The story concluded by mentioning plans to expand the restaurant, which would leave Red without a home.

The broadcast is not susceptible of a defamatory meaning as it would not arouse in the mind of the average person in the community an evil or unsavory opinion of plaintiffs nor expose plaintiffs to public hatred, contempt or aversion *(see, Pritchard v Herald Co., supra).* Plaintiffs' claim that the broadcast implies negative characteristics harmful to their reputations, integrity and goodwill lacks merit. Therefore, the motion to dismiss must be granted. (Appeal from order of Supreme Court, Monroe County, Curran, J.—dismiss causes of action.) Present—Dillon, P. J., Denman, Balio, Lawton and Davis, JJ.