■ OSSINING UNION FREE SCHOOL DISTRICT, Appellant, v ANDERSON LAROCCA ANDERSON et al., Defendants, and THUNE ASSOCIATES CONSULTING ENGINEERS et al., Respondents.—In an action, inter alia, to recover damages for negligence and professional malpractice, the plaintiff appeals (1) from an order of the Supreme Court, Westchester County (Dachenhau-

sen, J.), entered December 10, 1985, which granted the motion and cross motion respectively, of the defendants Thune Associates Consulting Engineers and Geiger Associates, P. C. to dismiss the complaint insofar as it is asserted against them pursuant to CPLR 3211 (a) (7), and (2) from the judgment of the same court, entered January 30, 1986, thereon.

Ordered that the appeal from the order entered December 10, 1985, is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The defendants Thune Associates Consulting Engineers (hereinafter Thune) and Geiger Associates, P. C. (hereinafter Geiger), are consulting engineers who were retained by the plaintiff's firm of architects, the defendant Anderson LaRocca Anderson (hereinafter ALA), to assist with the structural evaluation of a building owned and controlled by the plaintiff school district, viz., the Ossining High School Annex (hereinafter the Annex). Both Thune and Geiger advised ALA by way of reports, which were subsequently forwarded to the plaintiff, that the Annex had some structural problems and should not be used until corrective measures were taken.

In its complaint, the plaintiff essentially alleged, inter alia, that Thune and Geiger were guilty of negligence and professional malpractice in determining that the Annex was structurally unsound. Damages were claimed to have accrued by virtue of the cost to the plaintiff of closing down the Annex and relocating the students elsewhere. Specifically, the complaint alleged that (1) Thune and Geiger were retained by the plaintiff's architects for the specific purpose of performing engineering tests on the Annex, (2) Thune and Geiger performed these tests, advised the plaintiff "directly, or through" the defendant ALA of the results and recommended the closing of the Annex for reasons of structural unsoundness, and (3) Thune and Geiger knew or should have known that the plaintiff would rely upon the information and professional advice provided by them.

By motion and cross motion, respectively, Thune and Geiger

moved, pursuant to CPLR 3211 (a) (7), to dismiss the complaint insofar as asserted against them on the ground that it failed to state a cause of action as to them. Thune and Geiger argued that (1) there was no contractual privity between them and the plaintiff, and (2) neither a negligence nor a professional malpractice action could therefore be asserted against them by the plaintiff.

Special Term granted the motion and cross motion, stating: "The complaint fails to allege and, in fact, concedes that there was no contractual relationship with the moving defendants. In addition, no third-party beneficiary relationship existed between the parties. Thus, the complaint fails to set forth a valid cause of action". We agree with the determination of Special Term.

It is a long-standing general rule that recovery will not be granted to a third person for pecuniary loss arising from the negligent representations of a professional with whom he or she has had no contractual relationship (*Ultramares v Touche,* 255 NY 170; *Calamari v Grace,* 98 AD2d 74).

In *Credit Alliance Corp. v Andersen & Co.* (65 NY2d 536, *mot to amend remittitur granted* 66 NY2d 812), and its companion case *European Am. Bank & Trust Co. v Strauhs & Kaye* (65 NY2d 536), decided in July 1985 the Court of Appeals addressed the issue as to "whether an accountant may be held liable, absent privity of contract, to a party who relies to his detriment upon a negligently prepared financial report and, if so, within what limits does that liability extend" (*Credit Alliance Corp. v Andersen & Co., supra,* at 541). In resolving this issue, the Court of Appeals carved out an exception to the general rule by stating: "[A]ccountants may be held liable in negligence to noncontractual parties who rely to their detriment on inaccurate financial reports [but] certain prerequisites must be satisfied: (1) the accountants must have been aware that the financial reports were to be used for a particular purpose or purposes; (2) in the furtherance of which a known party or parties was intended to rely; and (3) there must have been some conduct on the part of the accountants linking them to that party or parties, which evinces the accountants' understanding of that party or parties' reliance" (at 551). In *European Am. Bank & Trust Co. v Strauhs & Kaye (supra,* at 554) the Court of Appeals upheld a complaint that had been challenged for legal sufficiency, since it alleged not only that the accountants "knew the identity of the specific nonprivy party who would be relying upon the audit reports" but additionally alleged, *inter alia,* that the accountants were

aware of the "particular purpose for their services", viz., to induce the plaintiff to extend credit, a consequence which was the "end and aim of the transaction" *(European Am. Bank & Trust Co. v Strauhs & Kaye, supra,* at 549; *see also, Glanzer v Shepard,* 233 NY 236).

These two recent cases decided by the Court of Appeals, as well as similar holdings from other jurisdictions, carved out this exception to the general rule because of the "accountant's central role in the financing and investment industry" *(Spherex Inc. v Grant & Co.,* 122 NH 898, 903, 451 A2d 1308, 1311; *see also, Haddon View Inv. Co. v Coopers & Lybrand,* 70 Ohio St 2d 154, 436 NE2d 212). As one commentator stated, in a similar vein (Mess, *Accountants and the Common Law: Liability to Third Parties,* 52 Notre Dame L Rev 838, 855-856 [1977]): "The accountant today has a role of central responsibility in the business community * * * the accountant * * * must accept the burdens of legal responsibility that go along with the benefits derived from his important role in the modern business community".

However, this court as recently as December 1986 rejected an opportunity to extend the exception to the general rule set forth in *Credit Alliance Corp. v Andersen & Co. (supra)* beyond the accounting profession *(see, Viscardi v Lerner,* 125 AD2d 662). Accordingly, the instant complaint, which seeks to impose liability for professional negligence upon architects, with whom plaintiff was not in contractual privity, was properly dismissed *(see, Viscardi v Lerner, supra; Widett v United States Fid. & Guar. Co.,* 815 F2d 885). Mangano, J. P., Eiber, Sullivan and Harwood, JJ., concur.