■ COSTANZA CONSTRUCTION CORP., Formerly Known as COSTANZA SIGNAL CO., INC., Plaintiff, v CITY OF ROCHESTER et al., Defendants. PASSERO ASSOCIATES, ARCHITECTURE, ENGINEERING, SURVEYING & LANDSCAPE ARCHITECTURE, P. C., Formerly Known as PASSERO-SCARDETTA ASSOCIATES, Third-Party Plaintiffs-Appellants, v ROCHESTER GAS & ELECTRIC CORPORATION, Third-Party Defendant-Respondent.—Order and judgment unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: We are unable to discern whether Special Term treated the third-party defendant's motion as one for dismissal for failure to state a cause of action pursuant to CPLR 3211

(a) (7) or as one for summary judgment pursuant to CPLR 3212 (b). "While CPLR 3211 (c) permits the court to treat a motion to dismiss as one for summary judgment, it may only do so by first giving adequate notice to the parties. Absent such notice, there can be no such conversion by the court" *(Tellier-Wolfe v Viacom Broadcasting,* 134 AD2d 860).

To the extent that Special Term granted the third-party defendant's motion to dismiss the defendant's claim for contribution based upon the eighth cause of action asserted by plaintiff against defendant, we affirm. Plaintiff's eighth cause of action alleges an intentional tort against the defendant. A claim for tortious interference with contractual relations requires intentional interference, not merely intrusion that is negligent or incident to some other lawful purpose. The third-party complaint does not assert any intentional conduct against the third-party defendant *(see, Alvord & Swift v Muller Constr. Co.,* 46 NY2d 276, 281-282). Accordingly, defendant is not entitled to contribution from the third-party defendant based upon this cause of action *(see, BBIG Realty Corp. v Ginsberg,* 111 AD2d 91, 93). Special Term erred in dismissing the third-party complaint seeking contribution predicated upon the sixth and seventh causes of action asserted by plaintiff's complaint. These causes of action allege negligence. Upon a dismissal motion, as distinguished from a summary judgment motion, the court's inquiry is limited to a determination as to whether the pleading challenged states any cause of action against the movant *(see, Pollnow v Poughkeepsie Newspapers,* 107 AD2d 10, 17-18, *affd* 67 NY2d 778; *Guggenheimer v Ginzburg,* 43 NY2d 268, 275).

Applying this standard to the third-party complaint herein, we conclude that Special Term improperly dismissed the claim for contribution arising from the sixth and seventh causes of action asserted against the third-party plaintiff in the main action. (Appeal from order and judgment of Supreme Court, Monroe County, Cicoria, J.—summary judgment.) Present— Dillon, P. J., Callahan, Pine, Lawton and Davis, JJ.