■ EDWARD B. FITZPATRICK, JR. CONSTRUCTION CORP. and ARUNDEL CORPORATION, a Joint Venture, Respondent-Appellant, v COUNTY OF SUFFOLK, Defendant, and CHARLES T. WALSH et al., Appellants-Respondents.—In an action, *inter alia,* to recover damages for breach of contract, fraud, profes-

sional negligence, fraudulent concealment and intentional interference with contractual obligations, (1) the defendants Charles T. Walsh and Bowe, Walsh & Associates (hereinafter Bowe Walsh), and Converse Ward Davis Dixon (hereinafter Converse Ward) appeal from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated March 18, 1987, as denied those branches of their respective motion and cross motion which were to dismiss the sixth, seventh and eighth causes of action in the second amended complaint, and (2) the plaintiff cross-appeals from so much of the same order as granted those branches of the aforesaid motion and cross motion which were to dismiss the fourth, ninth and tenth causes of action asserted in the second amended complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied those branches of the motion and cross motion which were to dismiss the sixth, seventh and eighth causes of action asserted in the second amended complaint, and substituting therefor a provision granting those branches of the motion and cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs, payable to the appellants appearing separately and filing separate briefs.

The defendant Bowe Walsh and the defendant County of Suffolk (hereinafter the County) entered into a contract in April 1971 which provided that Bowe Walsh would provide certain engineering services in connection with the planning, design and construction of a sewer pipeline serving the Suffolk County Southwest Sewer District's Water Pollution Control Plant at Bergen Point. Thereafter, Bowe Walsh contracted with Converse Ward to provide a report outlining the results of certain ocean, bay and land soil borings. Converse Ward submitted this report in February 1974.

In October 1977 the plaintiff successfully bid on the contract to construct a portion of the sewer pipeline in question, to wit, that portion of the pipeline which would run under the Great South Bay. Pursuant to the construction contract, the plaintiff furnished performance and material bonds underwritten by Fidelity and Deposit Company of Maryland and the Great American Insurance Company (hereinafter the Sureties). After it became apparent that the plaintiff would not be able to complete construction of the pipeline within the time required by the contract, the County terminated its services on April 10, 1979. However, the County and the Sureties entered into

an agreement dated August 9, 1979, whereby the Sureties became the construction contractor. The agreement further provided that the Sureties could engage the plaintiff as the subcontractor to continue with construction of the pipeline. The plaintiff completed construction of the pipeline in 1982.

In August 1982, the plaintiff in its own right and as assignee of the Sureties' rights, commenced this action against the County, Bowe Walsh and Converse Ward. Essentially, the plaintiff alleged that the delays in construction were caused by the professional negligence and corruption on the part of the County, and both Bowe Walsh and Converse Ward. It is, however, the second amended complaint, drafted in June 1985, which is the subject of the instant appeal. Following a motion by Converse Ward and a cross motion by Bowe Walsh to dismiss the complaint as against them, the Supreme Court, Suffolk County, found that the complaint sufficiently alleged causes of action sounding in professional negligence, negligent misrepresentation and fraudulent concealment, but dismissed the causes of action asserting theories based on fraud, intentional interference with contractual relations and the claim that the plaintiff was a third-party beneficiary of the various contracts between the County, Bowe Walsh and Converse Ward. We will deal with each of these claims seriatim.

The plaintiff's sixth and seventh causes of action allege, in essence, that both Bowe Walsh and Converse Ward acted negligently in rendering their respective professional services. It is further asserted that the plaintiff relied upon the documents and specifications provided by the defendant engineers in submitting its bid to the County.

The Court of Appeals has observed that accountants may be held liable for professional negligence to noncontractual parties provided, *inter alia,* that "there must have been some conduct * * * linking them to that party or parties, which evinces the accountants' understanding of that party or parties' reliance" *(Credit Alliance Corp. v Andersen & Co.,* 65 NY2d 536, 551, *mot to amend remittitur granted* 66 NY2d 812). However, the courts have expressed a reluctance to extend liability under these circumstances to other professionals *(see, Ossining Union Free School Dist. v Anderson LaRocca Anderson,* 135 AD2d 518; *Viscardi v Lerner,* 125 AD2d 662; *Widett v United States Fid. & Guar. Co.,* 815 F2d 885). In *Ossining Union Free School Dist. v Anderson LaRocca Anderson (supra),* the building owner sought to recover damages for professional negligence from two engineers with whom it was not in privity. This court declined to extend "the exception to

the general rule" set forth in *Credit Alliance Corp. v Andersen & Co. (supra)* beyond the accounting profession *(Ossining Union Free School Dist. v Anderson LaRocca Anderson, supra,* at 521). Therefore, the court erred in denying the motion to dismiss the sixth and seventh causes of action in the second amended complaint.

Similarly, the court erred in not dismissing the eighth cause of action sounding in fraudulent concealment. In the absence of privity of contract, Bowe Walsh and Converse Ward were not under a duty to disclose to the plaintiff that certain subsurface conditions were materially different from those stated in the contract specifications *(see, County of Westchester v Welton Becket Assocs.,* 102 AD2d 34, 51, *appeals dismissed* 64 NY2d 734, *affd* 66 NY2d 642). Thus, the plaintiff did not sufficiently plead a cause of action for fraudulent concealment.

The plaintiff's fourth cause of action alleges that the defendant engineers engaged in a pattern of fraud and deception designed to divert attention from their own corrupt practices. However, in the absence of specific factual assertions as to these allegations, the complaint failed to state a cause of action sufficient to withstand a motion to dismiss *(see,* CPLR 3016 [b]; *Glassman v Catli,* 111 AD2d 744).

In the ninth cause of action, the plaintiff alleges that Bowe Walsh and Converse Ward intentionally interfered with its contractual obligations to the County. However, an examination of the complaint reveals that the ninth cause of action vaguely refers to an intentional course of conduct by both Bowe Walsh and Converse Ward designed to induce the County into terminating the construction contract. We find that these allegations are insufficient to withstand a motion to dismiss *(see, Alvord & Swift v Muller Constr. Co.,* 46 NY2d 276, 281-282; *Costanza Constr. Corp. v City of Rochester,* 135 AD2d 1111). Moreover, the court correctly found that a cause of action for intentional interference with contractual relations was time barred because the construction contract was terminated on April 10, 1979, i.e., more than three years prior to service of the initial complaint in August 1982 *(see,* CPLR 214 [4]; *Kartiganer Assocs. v Town of New Windsor,* 108 AD2d 898).

Finally, the plaintiff has interposed a cause of action asserting, *inter alia,* that it was an intended beneficiary of the various contracts entered into between the defendant County, Bowe Walsh and Converse Ward. However, two of these contracts contain clauses to the effect that no third-party rights accrued therefrom. Where a provision in the contract

expressly negates enforcement by third parties, that provision is controlling *(see, Nepco Forged Prods. v Consolidated Edison Co.,* 99 AD2d 508). With respect to the remaining contract, i.e., the County/Converse Ward contract, a clause therein provides that Converse Ward's services would run directly to the County. In view of this language, it is clear that the plaintiff was merely an incidental beneficiary of the services to be performed by Converse Ward, thereby precluding it from claiming third-party beneficiary status *(see, Fourth Ocean Putnam Corp. v Interstate Wrecking Co.,* 66 NY2d 38; *Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652). Accordingly, the Supreme Court properly dismissed the plaintiff's tenth cause of action. Lawrence, J. P., Eiber, Kooper and Harwood, JJ., concur.