■ MICHAEL PLANCHER et al., Respondents, v SHEILA GLADSTEIN et al., Defendants, and LINDA DENKER et al., Appellants. —In a negligence action, *inter alia,* to recover damages for economic loss, the defendants Linda Denker, Decoray International, Inc., and F & D Associates, Inc. appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated April 2, 1987, which denied their motion to dismiss the complaint insofar as it is asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as it is asserted against the appellants, and the action against the remaining defendants is severed.

This negligence action arises out of an agreement between the plaintiffs and the defendant Sheila Gladstein to decorate a media room in the plaintiffs' home. The first cause of action alleges that "defendant SHEILA GLADSTEIN, working in concert with the other defendants in this action * * * negligently built and designed a cabinet and furniture in said room". The second cause of action seeks to recover attorneys' fees.

The appellants moved to dismiss the complaint on the ground, *inter alia,* that it failed to state a cause of action in that there was no claim of privity between the plaintiffs and the appellants. The Supreme Court denied the motion, holding that "a person can be liable for economic loss caused by negligence even in the absence of contractual privity with the injured party". We disagree.

The law is now settled in New York that recovery will not be granted to a third party for economic loss arising from negligent design or manufacture of products or negligent construction of a structure in the absence of contractual relationship *(see, Fitzpatrick Constr. Corp. v County of Suffolk,* 138 AD2d 446; *Ossining Union Free School Dist. v Anderson LaRocca Anderson,* 135 AD2d 518). The rationale for this rule is that to allow tort recovery under these circumstances would undermine the law of warranty as codified in the Uniform Commercial Code. Notably, the cases relied upon by the Supreme Court, i.e., *Glanzer v Shepard* (233 NY 236) and *Rosenbaum v Branster Realty Corp.* (276 App Div 167), predate the adoption of the Uniform Commercial Code. Although, in the case of accountants, the Court of Appeals has carved out a limited exception to the general rule that an action to recover damages for negligence will not lie under these circumstances, that exception is based upon the " 'accountant's central role in the financing and investment industry' " *(Ossining Union Free School Dist. v Anderson LaRocca Anderson, supra,* at 521, quoting from *Spherex Inc. v Grant & Co.,* 122 NH 898, 903, 451 A2d 1308, 1311). We decline to extend this exception to the designers, manufacturers and installers of furniture.

Accordingly, the complaint fails to state a viable cause of action sounding in negligence against the appellants. Furthermore, our review of the complaint reveals that it fails to state *any* cause of action against the appellants *(see, Pace v Perk,* 81 AD2d 444, 449-450). Therefore, the motion to dismiss the complaint is granted (CPLR 3211 [a] [7]).

Similarly, we find that the plaintiffs' second cause of action is without legal merit. The law is well settled that a civil litigant may not recover attorney's fees in the absence of contractual or statutory authority *(see, Matter of Green [Potter],* 51 NY2d 627, 629-630; *City of Buffalo v Clement Co.,* 28 NY2d 241, 262-263; *Millman v Brownlee,* 133 AD2d 221; *Rahabi v Morrison,* 81 AD2d 434; *Tucker v Toia,* 64 AD2d 826). As no such authority exists here, the second cause of action should also be dismissed as against the appellants. Weinstein, J. P., Rubin, Spatt and Sullivan, JJ., concur.