■ JOHN R. LOFTUS, INC., Appellant, v DAVID R. WHITE et al., Defendants, and HENRY J. KLERSY, JR., et al., Respondents. —Mikoll, J. Appeal from an order of the Supreme Court (Conway, J.), entered January 26, 1988 in Albany County, which granted the motion of various defendants to dismiss the third and fourth causes of action of the amended complaint.

Defendants David R. White and Mary C. White purchased

certain land from defendant Klersy Building Corporation.* Prior to the Whites gaining title to the property, they orally agreed with plaintiff that plaintiff would supervise the construction of a single-family residence on the newly acquired land for a fee of $90,000 plus expenses and costs. The agreement also provided that plaintiff would be paid its full fee and expenses whether the Whites subsequently withdrew or otherwise decided not to proceed in furtherance of the contract. Plaintiff commenced working on the contract and had already incurred approximately $6,200 in costs and expenses before being notified that it would not be building the residence.

Plaintiff then initiated this action alleging in an amended complaint causes of action against the Whites for breach of contract and against Klersy for tortious interference with a contract and malicious interference with a business relationship. Specifically, in the third and fourth causes of action, plaintiff charged that Klersy, with knowledge of plaintiff's agreement with the Whites, intentionally interfered with the contract by refusing to transfer title to the Whites and impeded the issuance of necessary permits unless the Whites ended their contract with plaintiff. Plaintiff also alleged that thereafter the Whites were coerced into executing a contract with Klersy for the construction of the house. Plaintiff seeks $250,000 compensatory damages and $500,000 punitive damages in each cause of action alleged against Klersy.

Klersy moved to dismiss both causes of action alleged against it for failure to state a cause of action, claiming that the allegations were not sufficiently specific to establish a tortious interference with a contract or business relationship. Plaintiff served an affidavit in opposition to Klersy's motion which stated the terms of the oral contract with the Whites, explained the basis for its belief that Klersy coerced the Whites into breaching the contract, and more fully set forth the reasoning for the damages demanded.

Supreme Court, in granting Klersy's motion to dismiss, held that the conclusory allegations of the complaint were not buttressed in any way by plaintiff's opposing affidavit finding the affidavit replete with hearsay and essentially bald, conclusory allegations. Plaintiff's motion to reargue was denied and this appeal from the order granting Klersy's motion to dismiss ensued.

In our view Supreme Court improperly dismissed the third

---

* Klersy is hereinafter used to collectively denote defendants Henry J. Klersy, Jr., Klersy Building Corporation and Klersy Realty, Inc.

cause of action alleged in the amended complaint. "On a motion to dismiss for failure to state a cause of action, 'the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail' " (Tellier-Wolfe v Viacom Broadcasting, 134 AD2d 860, quoting Guggenheimer v Ginzburg, 43 NY2d 268, 275). "The complaint must be liberally construed in the light most favorable to the plaintiffs and all factual allegations must be accepted as true" (Holly v Pennysaver Corp., 98 AD2d 570, 572).

Viewing the pleadings in the light most favorable to plaintiff, we find that plaintiff has adequately pleaded each substantive element of the cause of action for tortious interference with a contract: (1) a valid contract, (2) Klersy's knowledge of the contract, (3) Klersy's intentional interference with the contract and a resulting breach, and (4) damages (see, Israel v Wood Dolson Co., 1 NY2d 116; Burba v Rochester Gas & Elec. Corp., 90 AD2d 984, 985). Through an affidavit in opposition to Klersy's motion by John R. Loftus, plaintiff's president, secretary and sole shareholder, the contract's existence and terms are alleged and Loftus avers that work had begun under the contract. This establishes the existence of a valid contract. Loftus, who personally negotiated the contract in his corporate capacity, states facts based on his own experience establishing that Klersy had knowledge of this agreement.

Next, in the allegation that Klersy refused to transfer title to the Whites unless the Whites terminated their contract with plaintiff and contracted with Klersy to supervise and construct the single-family dwelling, Loftus demonstrates that he has an adequate basis for his belief that Klersy intentionally interfered with the contract, resulting in its breach. Loftus also states in his affidavit that David White told him that "he felt that he was being 'extorted and blackmailed' into signing a contract with * * * Klersy". Loftus further states that Mary White told him that she and her husband had subsequently signed a contract with Klersy. These allegations, although based in part on hearsay, must be taken as true for purposes of this analysis (see, Holly v Pennysaver Corp., 98 AD2d 570, 572, supra). Loftus also adequately pleaded the element of damages setting forth the loss of reputation and credibility, loss of the $90,000 fee, loss of the vesting of his Merchant Marine pension and out-of-pocket expenses.

Loftus could not provide more detailed factual information

since it appears that information was unique to the Whites and Klersy and unavailable to Loftus (cf., *Greschler v Greschler,* 71 AD2d 322, 324-325, *mod on other grounds* 51 NY2d 368). These pleadings are "sufficiently particular to give the court and parties notice of what is intended to be proved and 'the material elements of each cause of action' " (4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3211.36).

However, Supreme Court properly concluded that plaintiff did not adequately plead a cause of action for tortious interference with a prospective business advantage. In such an action "[t]he motive for the interference must be solely malicious, and the plaintiff has the burden of proving this fact" (72 NY Jur 2d, Interference, § 44, at 240). Plaintiff, however, does not demonstrate any factual basis for its allegations of malice, other than suspicion. This conclusory allegation of malice is therefore insufficient to support such cause of action (see, *Susskind v Ipco Hosp. Supply Corp.,* 49 AD2d 915; cf., *Iris Corp. v Lafer,* 5 AD2d 767).

Order modified, on the law, with costs to plaintiff, by reversing so much thereof as granted the motion to dismiss plaintiff's third cause of action; motion to dismiss the third cause of action denied; and, as so modified, affirmed. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.