■ EDWARD M. STRASSER et al., Appellants, v PRUDENTIAL SECURITIES, INC., et al., Respondents, et al., Defendants. [630 NYS2d 80] —Order, Supreme Court, New York County (Joan Lobis, J.), entered February 23, 1993, which granted defendants-respondents' motions to dismiss the complaint as against them, unanimously modified, on the law, to reinstate the cause of action for fraud only as against defendant Darr and the so-called Prudential defendants, and only insofar as fraud is alleged on a theory of nondisclosure of information of which defendants had superior knowledge, and otherwise affirmed, with costs. Appeal from order, same court and Justice, entered on or about March 14, 1994, which, insofar as appealable, denied plaintiffs' motion to renew the dismissal of the complaint, unanimously dismissed as moot, without costs.

The cause of action for breach of contract was properly dismissed as barred by the Statute of Frauds. According to plaintiff, Prudential had an obligation to extend it financial assistance "whenever help was required" with "no time con-

straint". Only plaintiff had the ability to terminate the alleged contract by its unilateral exercise of a power to cancel upon a breach by Prudential. Agreements that are terminable within one year only upon a breach by one of the parties fall within the Statute of Frauds. A breach cannot be equated with performance of the agreement. Accepting plaintiff's version of the alleged contract, there was no mutuality of the ability to terminate or even a unilateral option to terminate within one year, but only termination upon defendant's breach (*D & N Boening v Kirsch Beverages*, 63 NY2d 449, 456; *Americana Petroleum Corp. v Northville Indus. Corp.*, 200 AD2d 646, 647).

The cause of action for tortious interference with business relations was properly dismissed for failure to allege that defendants' acts were "prompted solely by malice or ill will and exceed[ed] the bounds of legitimate, robust competition" (*Mandelblatt v Devon Stores*, 132 AD2d 162, 168). Plaintiffs alleged instead that the Prudential defendants acted out of the financially motivated desire to save the various limited partnership ventures. The cause of action under the Racketeer Influenced and Corrupt Organizations Act is not ripe for determination. Plaintiffs' claimed losses are presently too theoretical to be fairly linked with the alleged predicate acts (*see, Miranda v Ponce Fed. Bank*, 948 F2d 41, 48; *First Nationwide Bank v Gelt Funding Corp*, 27 F3d 763, 769, *cert denied* — US —, 115 S Ct 728). The cause of action for fraud, based on the allegation that the Prudential defendants misrepresented their intent to perform the alleged contract was properly dismissed. A breach of contract does not give rise to a cause of action for fraud (*Bencivenga & Co. v Phyfe*, 210 AD2d 1011). However, the cause of action for fraud based on the allegation that defendants failed to disclose certain key facts concerning the limited partnerships was improperly dismissed. There is a duty to disclose, which is not limited to parties in privity of contract (*Blair Communications v Reliance Capital Group*, 157 AD2d 490, 492), when nondisclosure would "le[a]d the person to whom it was or should have been made to forego action that might otherwise have been taken for the protection of that person" (*Caracci v State of New York*, 203 AD2d 842, 844). Plaintiffs' allegations of fraud by nondisclosure are sufficient, as against defendant Darr and the Prudential defendants, to withstand a motion pursuant to CPLR 3211 (*see, McGill v Parker*, 179 AD2d 98, 105). However, as against defendant TCAP, no particular, separate pleadings of fraud are made on any theory, and dismissal of the entire complaint as against that defendant was proper. Concur—Ellerin, J. P., Ross, Tom and Mazzarelli, JJ.