■ M.J. & K. CO., INC., et al., Appellants-Respondents, v MATTHEW BENDER AND COMPANY, INC., Respondent-Appellant. [631 NYS2d 938] —In an action, *inter alia,* to recover damages for defamation and tortious interference with contract, the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Shaw, Jr., J.), dated April 1, 1994, as denied that portion of the defendant's motion which was to dismiss the complaint for failure to state a cause of action with respect to the first, second, and third causes of action, and the defendant cross-appeals from so much of the same order as denied the branch of its motion which was to dismiss the fifth

and seventh causes of action in the plaintiffs' amended complaint pursuant to CPLR 3211 (a) (7).

Ordered that the plaintiffs' appeal is dismissed, as the plaintiffs are not aggrieved by the provisions of the order appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law, and that branch of the defendant's motion which was to dismiss the fifth and seventh causes of action in the plaintiffs' amended complaint pursuant to CPLR 3211 (a) (7) is granted; and it is further,

Ordered that the defendant is awarded one bill of costs.

The plaintiffs asserted seven causes of action against the defendant Matthew Bender and Company, Inc. (hereinafter Bender). The first, second, and third causes of action are for defamation; the fourth and sixth causes of action alleged intentional infliction of emotional distress and prima facie tort, respectively; and the fifth and seventh causes of action are for tortious interference with business relations and contractual relations, respectively. Bender moved to dismiss the complaint pursuant to CPLR 3211 (a) (7), and the court granted the motion with respect to the fourth and sixth causes of action. However, it denied the motion with respect to the remaining causes of action. With respect to the first, second, and third causes of action, the court noted that the allegedly defamatory statements "were qualifiedly-privileged since they were made by one person to another upon a subject in which both have a corresponding or common interest".

On appeal, the plaintiffs contend that the court erred in determining that the allegedly defamatory statements by Bender's representative were qualifiedly privileged. Bender cross-appeals from so much of the order as denied its motion to dismiss the plaintiffs' causes of action for tortious interference with business relations and contractual relations, respectively.

It is well settled that only an "aggrieved party" has standing to appeal (CPLR 5511). Merely because the order appealed from "contain[s] language or reasoning which [plaintiffs] deem adverse to their interests does not furnish them with a basis for standing to take an appeal" (*Pennsylvania Gen. Ins. Co. v Austin Powder Co.;* 68 NY2d 465, 472-473). Because the court denied Bender's motion to dismiss the first, second, and third causes of action, the plaintiffs are not aggrieved by the order appealed from in this respect. Therefore, we dismiss their appeal.

The court erred in denying Bender's motion insofar as it

sought dismissal of the causes of action for tortious interference with business relations and tortious interference with contractual relations. The elements of tortious interference with a contractual relations are "(1) the existence of a contract between plaintiff and a third party; (2) defendant's knowledge of the contract; (3) defendant's intentional inducement of the third party to breach or otherwise render performance impossible; and (4) damages to plaintiff" *(Kronos, Inc. v AVX Corp.,* 81 NY2d 90, 94; *see, Guard-Life Corp. v Parker Hardware Mfg. Corp.,* 50 NY2d 183, 189-190). The plaintiffs' mere contentions that third parties cancelled contracts with them because of the alleged defamatory remarks made by Bender's representatives, offered with no factual basis to support the allegations, was insufficient to state a cause of action for tortious interference with contractual relations *(see, Coughlin v Neefus,* 153 AD2d 78, 81; *Fitzpatrick Constr. Corp. v County of Suffolk,* 138 AD2d 446, 449).

Tortious interference with business relations "applies to those situations where the third party would have entered into or extended a contractual relationship with plaintiff but for the intentional and wrongful acts of the defendant" *(WFB Telecommunications v NYNEX Corp.,* 188 AD2d 257; *see, Guard-Life Corp. v Parker Hardware Mfg. Corp., supra,* at 196; *Datlow v Paleta Intl. Corp.,* 199 AD2d 362, 363). "In such an action '[t]he motive for the interference must be solely malicious, and the plaintiff has the burden of proving this fact' (72 NY Jur 2d, Interference, § 44, at 240)" *(John R. Loftus, Inc. v White,* 150 AD2d 857, 860). In this case, the plaintiffs' cause of action in this regard was similarly defective because their conclusory allegations without factual support are insufficient to state a cause of action *(John R. Loftus, Inc. v White, supra; see, Fitzpatrick Constr. Corp. v County of Suffolk, supra).* Thompson, J. P., Copertino, Hart and Goldstein, JJ., concur.