■ NEWSDAY, INC., Appellant, v THE FANTASTIC MIND, INC., Respondent. [655 NYS2d 583] —In an action to recover fees for providing advertising services, the plaintiff appeals from an order of the Supreme Court, Nassau County (O'Brien, J.), entered August 12, 1996, which (1) denied its motion for summary judgment dismissing the defendant's counterclaim and (2) granted the defendant's cross motion to amend its answer. Ordered that the order is reversed, on the law, with costs, the motion is granted, the counterclaim is dismissed, and the cross motion is denied. The allegations in the defendant's counterclaim to recover damages for the plaintiff's alleged violation of the Donnelly Act (General Business Law § 340) were insufficient to state a cause of action for violation of that statute. A party asserting a violation of the Donnelly Act is required to (1) identify the relevant product market; (2) describe the nature and effects of the purported conspiracy; (3) allege how the economic impact of that conspiracy is to restrain trade in the market in question; and (4) show a conspiracy or reciprocal relationship between two or more entities *(see, Watts v Clark Assocs. Funeral Home,* 234 AD2d 538). Here, the defendant's counterclaim failed to indicate the product market, how the alleged conspiracy would restrain trade, and that there was a conspiracy among the plaintiff and its competitors. Therefore, the plaintiff is entitled to summary judgment dismissing the counterclaim. Furthermore, the defendant should not have been permitted to amend its answer to include a counterclaim to recover damages for the tortious interference with business relations. "Tortious interference with business relations 'applies to those situations where the third party would have entered into or extended a contractual relationship with plaintiff but for the intentional and wrongful acts of the defendant'" *(M.J. & K. Co. v Matthew Bender & Co.,* 220 AD2d 488, 490, quoting *WFB Telecommunications v NYNEX Corp.,* 188 AD2d 257). "'In such an action [t]he motive for the interference must be solely malicious, and the plaintiff has the burden of proving this fact'" *(M.J. & K. Co. v Matthew Bender & Co., supra,* at 490, quoting *John R. Loftus, Inc. v White,* 150 AD2d 857, 860). Here, the defendant did not allege that the acts of the plaintiff were "prompted solely by malice or ill will and exceed[ed] the bounds of legitimate, robust competition" *(Strasser v Prudential Sec.,*

218 AD2d 526, 527). At most, the defendant only alleged that the plaintiff's actions were financially motivated *(see, Strasser v Prudential Sec., supra; Creative Foods Corp. v Chef Francisco,* 92 AD2d 462). Accordingly, the court properly denied the defendant's cross motion to amend its answer. Thompson, J.P., Pizzuto, Joy and Luciano, JJ., concur.