■ RSA DISTRIBUTORS, INC., Respondent-Appellant, v CONTRACT FURNITURE SALES LTD., et al., Appellants-Respondents. [669 NYS2d 842] —In an action, *inter alia,* to recover damages for tortious interference with business relations, the defendants appeal (1) from a decision of the Supreme Court, Suffolk County (Zelman, J.H.O.), dated January 12, 1997, and (2), as limited by their brief, from so much of a judgment of the same court, entered February 18, 1997, as, after a

nonjury trial, is in favor of the plaintiff and against them in the principal sum of $16,892, and the plaintiff cross-appeals from so much of the judgment as awarded it only the principal sum of $16,892.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, and the complaint is dismissed.

We find that the Supreme Court erred in concluding that the defendants tortiously interfered in the plaintiff's business relations and breached a fiduciary duty purportedly owed to the plaintiff. Tortious interference with business relations applies to those situations where the third party would have entered into or extended a contractual relationship with plaintiff but for the intentional and wrongful acts of the defendant. In such an action the motive for the interference must be solely malicious, and the plaintiff has the burden of proving this fact (*see, M.J. & K. Co. v Matthew Bender & Co.,* 220 AD2d 488, 490; *WFB Telecommunications v NYNEX Corp.,* 188 AD2d 257; *John R. Loftus, Inc. v White,* 150 AD2d 857, 860; 72 NY Jur 2d, Interference, § 44, at 240).

The wrongful conduct complained of in this case was a breach of a fiduciary duty owed to the plaintiff by the defendants as a result of a purported agency relationship between the parties. However, the plaintiff failed to demonstrate that a fiduciary duty did in fact exist, and, in any event, failed to show that the acts of the defendants were prompted by malice. At most, the plaintiff showed that the defendants' actions were financially motivated (*see, Nassau Diagnostic Imaging & Radiation Oncology Assocs. v Winthrop-University Hosp.,* 197 AD2d 563; *Creative Foods Corp. v Chef Francisco,* 92 AD2d 462).

In light of this determination, the remaining arguments need not be addressed. Bracken, J. P., Santucci, Goldstein and McGinity, JJ., concur.