■ JOHN RUHA et al., Appellants, v ALAN GUIOR, as Administrator of the Estate of JOSEPH GUIOR, Deceased, et al., Respondents. [717 NYS2d 35] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered on or about January 28, 1999, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.

In this action based upon defendants' alleged oral promise to enter into a new lease with plaintiffs in consideration of plaintiffs' agreement not to purchase the leased property and to recommend defendants as purchasers, the motion court correctly determined that the plaintiffs had failed to set forth sufficient allegations to sustain their causes of action for imposition of a constructive trust, breach of contract, tortious interference with contract, unjust enrichment and various requests for injunctive relief.

The oral agreement to lease property upon which plaintiffs rely is unenforceable under the Statute of Frauds (General Obligations Law § 5-703), and neither plaintiffs' forbearance from purchasing the property nor plaintiff Ruha's attendance at the meeting during which the owner agreed to sell the property to defendants constitutes partial performance unequivocally referable to the alleged agreement removing said agreement from the Statute of Frauds (*see, American Bartenders School v 105 Madison Co.*, 59 NY2d 716). In asserting their tortious inference with contract claim, plaintiffs' bare allegations of malice do not suffice, particularly where such allegations are contradicted by plaintiffs' own claims that defendants' actions were financially motivated (*see, Strasser v Prudential Sec.*, 218 AD2d 526). Nor have plaintiffs adequately stated a cause of action for equitable relief, such as imposition of a constructive trust, since the complaint affords no basis to conclude that a confidential or fiduciary relationship existed between the parties (*see, Sharp v Kosmalski*, 40 NY2d 119, 121) and since plaintiffs failed to sufficiently plead that defendants, in purchasing the property, received a benefit from plaintiffs for which plaintiffs were not adequately compensated (*compare, Nakamura v Fujii*, 253 AD2d 387). Concur—Nardelli, J. P., Williams, Ellerin, Lerner and Rubin, JJ.