■ PLAYBALL AT HAUPPAUGE, INC., et al., Respondents-Appellants, v PHILIP NAROTZKY, Respondent, FANNY NAROTZKY, Appellant-Respondent, et al., Defendants. [745 NYS2d 70] —In an action to recover damages for breach of fiduciary duty, (1) the defendant Fanny Narotzky appeals from so much of a corrected judgment of the Supreme Court, Suffolk County (Werner, J.), entered June 29, 2000, as, upon so much of a jury verdict as awarded her total damages in the sum of only $94,051 on her counterclaim and as awarded the plaintiffs total damages in the sum of $157,771.83 on the complaint, is in favor of the plaintiffs and against her in the principal sum of $63,720.83, and (2) the plaintiffs cross-appeal from so much of the same corrected judgment as, upon so much of the jury verdict as awarded them total damages in the sum of only $157,771.83 on their complaint and as awarded the defendant Fanny Narotzky total damages in the sum of $94,051 on her counterclaim, and, upon the granting of the application of the defendant Philip Narotzky to dismiss the breach of fiduciary duty cause of action insofar as asserted against him, is in their favor and against the defendant Fanny Narotzky in the principal sum of only $63,720.83, and is in favor of the defendant Philip Narotzky and against them dismissing the breach of fiduciary duty cause of action insofar as asserted against that defendant.

Ordered that the corrected judgment is modified by (1) deleting the first decretal paragraph thereof and substituting therefor a provision dismissing the plaintiffs' cause of action against the defendant Fanny Narotzky, (2) deleting the third decretal paragraphs thereof and substituting therefor a provision granting a new trial on the counterclaim of the defendant Fanny Narotzky insofar as asserted against the plaintiff Bernard Gurtman on the issue of damages only; as so modified, the corrected judgment is affirmed insofar as appealed and cross-appealed from, with costs to the defendant Fanny Narotzky.

This action arises from a joint business venture between the plaintiff Bernard Gurtman and the defendant Fanny Narotzky involving the ownership and operation of an indoor softball facility in Hauppauge. In 1993, Gurtman and Fanny Narotzky formed a real estate partnership known as Ballpark Associates, L.P. (hereinafter Ballpark). To operate the indoor facility, Gurtman and Fanny Narotzky, along with Philip Narotzky (Fanny's son) and Morris Horowitz, formed a corporation known as Playball at Hauppauge, Inc. (hereinafter Playball). The business venture did not fare well and, in January 1994, Gurtman and Horowitz bought out the Narotzkys' interests in Playball. Several months later, Gurtman bought out Horowitz's share, leaving Gurtman the sole owner of Playball. The partnership interest between Gurtman and Fanny Narotzky remained unchanged.

Gurtman and Playball commenced this action against Fanny and Philip Narotzky to recover damages for breach of fiduciary duty. Fanny Narotzky counterclaimed against Gurtman, alleging that his failure to pay her a share of the profits in the form of rents due and owing from Playball constituted a breach of fiduciary duty. Prior to trial, the plaintiffs' fiduciary claim against Philip Narotzky was dismissed on spoliation of evidence grounds. The jury returned a verdict in the plaintiffs' favor on its breach of fiduciary claim against Fanny Narotzky, awarding them $157,771.83. Fanny Narotzky was awarded $94,051 on her counterclaim against Gurtman. Both sides appeal.

The Supreme Court providently exercised its discretion in dismissing the plaintiffs' breach of fiduciary duty claim against the defendant Philip Narotzky. The deletion of computer data by the plaintiff Bernard Gurtman's son left Philip Narotzky without the ability to defend against the plaintiffs' allegations of mismanagement and waste of corporate assets (*see DiDomenico v C & S Aeromatik Supplies,* 252 AD2d 41; *Kirkland v New York City Hous. Auth.,* 236 AD2d 170).

The evidence does not support the jury's determination that Fanny Narotzky breached a fiduciary duty to the plaintiffs (*see Friedman v Fife,* 262 AD2d 167; *RSA Distrib. v Contract Furniture Sales,* 248 AD2d 370). Accordingly, the complaint insofar as asserted against her must be dismissed.

The jury's determination that the plaintiff Bernard Gurtman breached his fiduciary duty to the defendant Fanny Narotzky was based on a fair interpretation of the evidence (*see Nicastro v Park,* 113 AD2d 129). However, the jury's award of only $94,051 in damages to Fanny Narotzky is not supported by the evidence (*see Coyle v Staples, Inc.,* 268 AD2d 500; *Campbell v Crimi,* 267 AD2d 343). Accordingly, the case is remitted for a new trial of Fanny Narotzky's counterclaim against Gurtman on the issue of damages only, in accordance with the lease and partnership agreement. Krausman, J.P., McGinity, H. Miller and Adams, JJ., concur.