■ LONG ISLAND PULMONARY ASSOCIATES, P.C., et al., Appellants, v METROPOLITAN LIFE INSURANCE COMPANY et al.,

Respondents, et al., Defendant. [756 NYS2d 788] —In an action, inter alia, to recover damages for tortious interference with business relations, the plaintiffs appeal from an order of the Supreme Court, Nassau County (O'Connell, J.), entered September 25, 2001, which granted the motion of the defendants Metropolitan Life Insurance Company, United Healthcare Service Corp., and "John" Braslow for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

In their first cause of action, the plaintiffs allege, among other things, that the respondents Metropolitan Life Insurance Company, United Healthcare Service Corp., and "John" Braslow conspired by systematically delaying and refusing to pay medical claims, and that such action amounted to an unlawful restraint of trade in violation of General Business Law § 340 (the Donnelly Act). In response to the respondents' prima facie showing of entitlement to summary judgment (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York,* 49 NY2d 557 [1980]), the plaintiffs failed to present evidence of a conspiracy or reciprocal relationship between the respondent business entities, or evidence that the effect of the purported conspiracy was to restrain trade in the market in question (*see Newsday, Inc. v Fantastic Mind,* 237 AD2d 497 [1997]). Therefore, the Supreme Court properly dismissed the cause of action to recover damages pursuant to General Business Law § 340.

The second and third causes of action to recover damages for alleged defamatory statements were also properly dismissed, as the statements complained of were not reasonably susceptible to a defamatory meaning (*see Aronson v Wiersma,* 65 NY2d 592, 593-594 [1985]).

Further, upon the respondents' prima facie showing of entitlement to judgment as a matter of law on the cause of action based upon tortious interference with business relations (*see Alvarez v Prospect Hosp., supra; Zuckerman v City of New York, supra*), the plaintiffs failed to demonstrate that the respondents interfered with their business relationships with the sole purpose of harming the plaintiffs through unlawful or improper means (*see 71 Pierrepont Assoc. v 71 Pierrepont Corp.,* 243 AD2d 625, 626 [1997]). Therefore, the Supreme Court properly granted that branch of the respondents' motion which was to dismiss the cause of action to recover damages for tortious interference with business relations.

The plaintiffs' remaining contentions are without merit. Florio, J.P., S. Miller, Crane and Rivera, JJ., concur.