# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1364**
**CA 14-00851**
PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND DEJOSEPH, JJ.

---

RADON CORPORATION OF AMERICA, INC.,
PLAINTIFF-APPELLANT-RESPONDENT,

V                                                      MEMORANDUM AND ORDER

NATIONAL RADON SAFETY BOARD,
DEFENDANT-RESPONDENT,
RADON TESTING CORPORATION OF AMERICA, INC.,
DEFENDANT-RESPONDENT-APPELLANT,
NANCY BREDHOFF AND ANDREAS GEORGE,
DEFENDANTS-RESPONDENTS.

---

SCOLARO, FETTER, GRIZANTI, MCGOUGH & KING, P.C., SYRACUSE (DOUGLAS J.
MAHR OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT.

BENJAMIN LAW PC, NEW YORK CITY (AMY J. BENJAMIN OF COUNSEL), FOR
DEFENDANT-RESPONDENT-APPELLANT.

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (MICHAEL P. RINGWOOD
OF COUNSEL), FOR DEFENDANT-RESPONDENT NATIONAL RADON SAFETY BOARD.

SUGARMAN LAW FIRM, LLP, SYRACUSE (SAMUEL M. VULCANO OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS NANCY BREDHOFF AND ANDREAS GEORGE.

-------------------------------------------------------------------------------

Appeal and cross appeal from a judgment of the Supreme Court,
Onondaga County (Deborah H. Karalunas, J.), entered August 7, 2013.
The judgment, inter alia, granted the motions of defendants-
respondents for summary judgment dismissing the amended complaint
against them, granted those parts of the motion of defendant Radon
Testing Corporation of America, Inc. for summary judgment dismissing
the third and fourth causes of action against it, and granted that
part of the motion of plaintiff for summary judgment on its fifth
cause of action, asserted only against defendant Radon Testing
Corporation of America, Inc.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law without costs by denying those parts
of defendants' motions with respect to the fourth cause of action and
reinstating the amended complaint to that extent and by granting
judgment in favor of plaintiff on the fifth cause of action as
follows:

It is ADJUDGED and DECLARED that plaintiff did not
infringe on the trade name of defendant Radon Testing

Corporation of America, Inc.,

and as modified the judgment is affirmed without costs.

Memorandum:  Plaintiff appeals and defendant Radon Testing Corporation of America, Inc. (RTCA) cross-appeals from a judgment that, inter alia, granted the motions of defendants-respondents for summary judgment dismissing the amended complaint against them, granted those parts of the motion of RTCA for summary judgment dismissing the third and fourth causes of action against it, and granted that part of plaintiff's motion for summary judgment on its fifth cause of action, asserted only against RTCA.

Addressing first plaintiff's appeal, we conclude that Supreme Court properly granted those parts of the motion of defendant National Radon Safety Board (NRSB) for summary judgment dismissing the first and second causes of action.  Those causes of action, asserted only against NRSB, alleged the denial of equal protection and due process, and NRSB is not a state actor (*see Consumers Union of U.S., Inc. v State of New York*, 5 NY3d 327, 347 n 14).  The court also properly granted those parts of defendants' motions for summary judgment dismissing the third cause of action against them, because no cause of action for tortious interference will lie where, as here, a party's alleged motive in interfering with business relationships is "normal economic self-interest" (*Carvel Corp. v Noonan*, 3 NY3d 182, 190).

We agree with plaintiff, however, that the court erred in granting those parts of defendants' motions for summary judgment dismissing the fourth cause of action against them, alleging unfair competition and restraint of trade in violation of General Business Law § 340 (1) (hereafter, Donnelly Act), and we therefore modify the judgment accordingly.  Nevertheless, we reject plaintiff's contention that it should have been awarded summary judgment on the fourth cause of action, inasmuch as there are triable issues of fact with respect thereto.  "A party asserting a violation of the Donnelly Act is required to (1) identify the relevant product market; (2) describe the nature and effects of the purported conspiracy; (3) allege how the economic impact of that conspiracy is to restrain trade in the market in question; and (4) show a conspiracy or reciprocal relationship between two or more entities" (*Newsday, Inc. v Fantastic Mind*, 237 AD2d 497, 497).  The Court of Appeals has recognized, however, "that neither the Donnelly Act nor the Sherman Act, after which it was modeled, has been interpreted as prohibiting every agreement that has the effect of restraining trade, no matter how minimal.  Instead, as construed by State and Federal courts, the antitrust laws prohibit only 'unreasonable' restraints on trade" (*Anheuser-Busch, Inc. v Abrams*, 71 NY2d 327, 333).  We note with respect to the first factor that we agree with plaintiff that New York constitutes a relevant geographic submarket for Continuous Radon Monitor (CRM)-calibration services (*see Brown Shoe Co. v United States*, 370 US 294, 336-337; *Continental Guest Servs. Corp. v International Bus Servs., Inc.*, 92 AD3d 570, 572-573).

We conclude with respect to the three remaining factors that

there are triable issues of fact whether RTCA and NRSB engaged in concerted action that unreasonably restrained trade in New York's CRM-calibration market inasmuch as the individual defendants are employed in various capacities with RTCA and are also board members of NRSB, the entity responsible for formally adopting the policy that effectively prohibited plaintiff from performing CRM-calibration services in New York (*see International Norcent Tech. v Koninklijke Philips Elecs. N.V.*, 2007 WL 4976364, *7 n 51 [CD Cal], *affd* 323 F Appx 571 [9th Cir]).  Similarly, we note that NRSB's intra-entity contention is not dispositive because, here, plaintiff alleged a conspiracy between two distinct entities and there is an issue of fact whether RTCA is in competition with plaintiff (*see American Socy. of Mech. Engrs., Inc. v Hydrolevel Corp.*, 456 US 556, 572-574, *reh denied* 458 US 1116; *cf. Sands v Ticketmaster-N.Y., Inc.*, 207 AD2d 687, 688, *lv denied* 85 NY2d 904).

Contrary to the further contention of the individual defendants, they are not entitled to summary judgment dismissing the fourth cause of action against them.  "[C]orporate officer[s] can also be held liable in civil antitrust actions" under the Donnelly Act, and there are triable issues of fact regarding their participation in the alleged corporate antitrust violations (*State of New York v Feldman*, 2003 WL 21576518, *3 [SD NY]).

Finally, contrary to the contention of RTCA on its cross appeal, we conclude that the court properly granted that part of plaintiff's motion for summary judgment on the fifth cause of action, asserted only against RTCA, seeking a declaration that plaintiff did not infringe on RTCA's trade name.  The court erred, however, in failing to make a declaration, as sought in the fifth cause of action, and we therefore further modify the judgment accordingly.

Entered:  February 13, 2015                    Frances E. Cafarell
                                               Clerk of the Court