■ JOHN BAKERIAN et al., Respondents, v. H. F. HORN, Appellant, et al., Defendant.— Appeal by the defendant H. F. Horn from an order of the Saratoga County Court denying his motion for summary judgment. The plaintiffs maintain that during 1960 and 1961 they purchased homes from the defendants as the result of negotiations had with the defendant Horn who was president of the defendant Erectors, Inc. Plaintiffs state that they did not learn that the property was owned by Erectors, Inc., until the respective title closings were held. The purchase offers were printed on a form with the caption at the top, "H. F. HORN, 83 Davis Dr., Waterford, N. Y., P. O. Box 415". These the plaintiffs contend were signed in blank. Plaintiffs argue that Horn did not give them a copy of the purchase offer until the title closings, that he indicated that he was the owner of the property and that during negotiations he told the plaintiffs that the purchase price for their respective homes included the charge made by the Town Board of Waterford for the attachment and tapping to the town's water system. The tapping charges were not paid and the sum of $300 plus the cost of the attachment was added to the 1962 property tax on the respective properties of the plaintiffs. The appellant generally denies the allegations of the complaint and strenuously contends that each contract and each conveyance was made by the defendant Erectors, Inc., that he at no time acted in his individual capacity and that he is entitled to partial summary judgment dismissing the complaint on the merits as to the cause of action asserted against him. We do not agree. A question of fact was presented which entitled the plaintiffs to a trial and the Special Term properly denied the motion for summary judgment. We believe that the evidence presented upon this motion raises triable issues of fact. An agent can be held personally liable for his act when it is shown that he acted on his own behalf as well as an agent for another. (*Weidman* v. *Klot,* 11 A D 2d 641, mot. for lv. to app. den. 8 N Y 2d 710.) Even when a principal is known to a contracting party it is possible upon proper evidence of intention to assume liability that the agent may be personally bound. (See *Hernandez* v. *Brookdale Mills,* 194 App. Div. 369.) Summary judgment is a harsh remedy and the requirements of the rule should be strictly complied with in order to entitle a party to that relief. To grant summary judgment it must clearly appear that no material and triable issue of fact is presented. (*Di Menna & Sons* v. *City of New York,* 301 N. Y. 118.) This drastic remedy should not be granted where there is any doubt as to the existence of such issues (*Braun* v. *Carey,* 280 App. Div. 1019); or where the issue is arguable (*Barrett* v. *Jacobs,* 255 N. Y. 520, 522); "Issue-finding, rather than issue-determination, is the key to the procedure" (*Esteve* v. *Abad,* 271 App. Div. 725, 727); it may not be granted whenever the pleadings raise clear, well-defined and genuine issues because the granting of such motion is the procedural equivalent of a trial (*Sillman* v. *Twentieth Century-Fox,* 3 N Y 2d 395, 404; *Falk* v. *Goodman,* 7 N Y 2d 87, 91). We believe that upon the record before us a triable issue exists as to the defendant Horn's personal liability to the plaintiffs. Order affirmed, with $10 costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.