OPINION OF THE COURT
Frederic E. Hammer, J.
Defendant Newsday, Inc. (hereinafter Newsday) moves to dismiss the complaint for failure to state a cause of action or, alternatively, for summary judgment.
Defendant Newsday owns, maintains and operates for profit, a daily newspaper known as Newsday. It publishes newsworthy articles as well as advertisements. Between April 30, 1978 and September 12, 1978, defendant Newsday ran a series of 13 advertisements by defendant Underwood Hair Adaption Process, Inc., for a process of hair implantation. The complaint alleges that as a result of reading these ads, the plaintiff patronized defendant Underwood Hair Adaption Process, Inc., on or about May 30, 1978; that defendant Dr. Underwood offered a supposed cure for baldness which involved implanting artifical hairs in the scalp; that the process failed and, as a consequence, the plaintiff was injured.
Thirteen causes of action are alleged against various defendants; four are alleged against defendant Newsday, the tenth, eleventh, twelfth and thirteenth.
The tenth cause of action alleges that Newsday, along with other defendants, conspired to and did offer to sell a hair implantation process to plaintiff; that all the defendants falsely and fraudulently represented the process to be safe for the purpose for which it was intended; that said process was unsafe, and defendants knew or should have known it was unsafe, and as a result plaintiff was injured.
The eleventh and twelfth causes of action repeat the allegations of the tenth cause of action, and seek damages for emotional distress and mental anguish.
The thirteenth cause of action is directed solely at defendant Newsday for gross negligence. Plaintiff contends that Newsday printed and published the advertisements of Underwood Hair Adaption Process, Inc., after having been put on notice of the risks and dangers posed by the process. Plaintiff’s contention is based upon the following allegations: Newsday *447 published and printed an investigatory article, dated August 10, 1978, concerning the medical risks attributable to hair implantation; that Newsday was fully aware of the possible risks and injury to the public; that Newsday accepted and continued to publish the Underwood ad for commercial gain. This continued publication is alleged to constitute gross negligence on the part of Newsday, as a result of which the plaintiff sustained injury and damages.
Newsday concedes that it received a letter concerning possible dangers of the artificial hair implantation process, dated December 21, 1978, some three months after Newsday’s last advertisement for the Underwood process was published, and further concedes that articles concerning medical criticism of the process appeared in Newsday on January 11, 1979, some four months after Newsday’s last advertisement for the Underwood process. Nevertheless, it appears that all the critical articles, whether printed in Newsday or other periodicals, had been printed after plaintiff began treatment with Underwood on May 20, 1978.
In order for a cause of action to lie, the pleadings must set forth "the material elements of each cause of action” (CPLR 3013). In alleging conspiracy, the plaintiff carries the burden of proving (1) the corrupt agreement between two or more persons, (2) an overt act, (3) their intentional participation in the furtherance of a plan or purpose, and (4) the resulting damage. (Vom Lehn v Astor Art Galleries, 86 Misc 2d 1; 8 NY Jur, Conspiracy, § 4.) " '[A]s a rule great latitude is allowed in setting out in the complaint the particular acts from which the conspiracy is to be inferred’ ” (Goldstein v Siegel, 19 AD2d 489, 493). Nevertheless, the facts must be stated in such a manner so that it is possible for the court to see whether or not there is fraud. A mere general allegation of fraud and conspiracy, therefore, is not sufficient to bring a cause of action for conspiracy (Knowles v City of New York, 176 NY 430; Wood vAmory, 105 NY 278).
Plaintiff’s complaint herein alleges conspiracy on the ground that Newsday "falsely and fraudulently” made representations to the plaintiff "by virtue of the .written advertisements”. Prior case law has determined that under certain circumstances a newspaper can be held liable for false advertisements (Goldstein v Garlick, 65 Misc 2d 538). The Goldstein case dealt with an action based on unfair competition. A lawsuit was brought by a funeral home against a number of *448 defendants, including four newspapers, alleging a conspiracy to destroy its business. The alleged conspiracy was based on the publication by the newspapers of misleading advertisements. The court granted the motions of the four newspapers for summary judgment. However, it expressed its wish to "protect * * * the public from irresponsible conduct by newspapers and * * * at the same time preserve * * * the right of newspapers to publish advertisements” (Goldstein v Garlick, supra, p 543). The following standard of liability was therefore developed (p 543): "the newspaper is only liable if it publishes a false advertisement maliciously or with intent to harm another or acts with total reckless abandon.”
If a newspaper does publish false advertisements "recklessly and without regard to its consequences that a reasonably prudent person would anticipate the damage, that newspaper should be held accountable for its conduct in the same manner as is any other person who commits such a tortious act.” (Goldstein v Garlick, supra, p 543.)
That same court warned, however, (p 543) that "Nor should the onerous burden be placed upon newspapers under ordinary circumstances to conduct investigations in order to determine the effect of a questioned advertisement.”
A recent New Jersey case held that a newspaper was not liable for the advertisement of allegedly defective fireworks which caused injury to plaintiffs. The court stated that "no such legal duty rests upon [defendant] unless it undertakes to guarantee, warrant or endorse the product”. (Yuhas v Mudge, 129 NJ Super 207, 209.) It was established that a publisher must be exempt from condemnation of unlawful advertising where it has " 'no knowledge of the intent, design or purpose of the advertiser’.” (Yuhas v Mudge, supra, p 210.)
 The court will grant summary judgment if it is certain that no triable material issues of fact exist. (Bakerian v Horn, 21 AD2d 714.) In the case before the court, there is no allegation of a corrupt agreement, nor does plaintiff allege any scienter on the part of Newsday. There is no showing of maliciousness, intent to harm, or recklessness without regard to the consequences. Plaintiff has failed to set forth evidentiary facts sufficient to defeat the motion for summary judgment.
Accordingly, the motion of defendant Newsday for summary judgment dismissing the complaint against it is granted.