■ GILBERTO SUAREZ, Appellant, v DONALD UNDERWOOD et al., Defendants, and NEWSDAY, INC., Respondent. — Judgment of the Supreme Court, Queens County (Hammer, J.), entered July 29, 1980, affirmed, without costs or disbursements. Appeal from an order of the same court, dated June 10, 1980, dismissed, without costs or disbursements (see *Matter of Aho,* 39 NY2d 241, 248). Margett, J.P., O'Connor, Weinstein and Bracken, JJ., concur. [103 Misc 2d 445.]

■ THERM-X-CHEMICAL & OIL CORP., Appellant, v EXTEBANK, Formerly Known as BANK OF SUFFOLK COUNTY, Respondent. — In a proceeding to recover damages from respondent for its failure to comply with a restraining notice, petitioner appeals from a judgment of the Supreme Court, Suffolk County (Bracken, J.), entered April 17, 1981, which, after a nonjury trial, dismissed the petition. Judgment affirmed, with costs. Petitioner, a judgment creditor, served a restraining notice and informational subpoena on the respondent bank at its main office in Stony Brook, Suffolk County, against any accounts in the judgment debtor's name. The bank responded to the notice stating: "Having failed to find an account in the above name at our branch, we as a courtesy, forwarded it [the restraining notice] thru our branch network. We return same to you today, since there appears to be no record of this individual at the Bank of Suffolk County." Subsequently, it was discovered that the judgment debtor had maintained three accounts at the bank's Holtsville branch and that the accounts had been closed sometime after service of the restraining notice. Based upon the above, the petitioner brought this proceeding seeking damages for violation of the restraining notice (see CPLR 5227; *Nardone v Long Is. Trust Co.,* 40 AD2d 697) and, after a nonjury trial, the petition was dismissed for failure to prove the bank was liable. The general rule in New York is that in order to reach a particular bank account the judgment creditor must serve the office of the bank where the account is maintained (see *McCloskey v Chase Manhattan Bank,* 11 NY2d 936; *Cronan v Schilling,* 100 NYS2d 474; see, also, *National Shipping & Trading Corp. v Weeks Stevedoring Co.,* 252 F Supp 275; Uniform Commercial Code, §§ 4-106, 4-303; see, generally, Rock, Proper Place to Serve Restraining Notice on Bank, NYLJ, May 14, 1981, p 1, col 2; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5222:5, pp 190-191; 6 Weinstein-Korn-Miller, NY Civ Prac, par 5222.09). Under this rule, petitioner's failure to serve the Holtsville branch or prove that the Holtsville branch received actual notice of the restraining notice was fatal. The above rule has been held to be obsolete in the context of modern centralized and computerized commercial banking (see *Digitrex, Inc. v Johnson,* 491 F Supp 66). It is not obsolete, however, where the main office of a bank does not have high-speed computers with central indexing capabilities to keep track of its depositors' accounts. The respondent bank lacks the computerized centralization of the bank in *Digitrex, Inc. v Johnson (supra)* and, accordingly, the restraining notice was not effective when served on the Stony Brook branch. We have considered the remaining arguments and find them to be lacking in merit. Cohalan, J.P., Margett, O'Connor and Thompson, JJ., concur.