■ Robert B. Pressler, Respondent, v Dow Jones & Company, Inc., Appellant. — In an action to recover damages based upon the negligent publication of a newspaper advertisement, defendant appeals from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated May 5, 1981, as partially denied its motion for summary judgment dismissing the complaint. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, and motion granted in its entirety. Special Term correctly held, in granting defendant summary judgment dismissing the complaint with respect to a cause of action sounding in negligence, that there was no basis for recovery for an allegedly negligent misstatement since no special relationship existed between the parties (see *International Prods. Co. v Erie R. R. Co.*, 244 NY 331, 337-338; *Jaillet v Cashman*, 115 Misc 383, affd 202 App Div 805, affd 235 NY 511). Further, a newspaper has no duty to investigate each of the advertisers who purchases space in its publication (*Goldstein v Garlick*, 65

Misc 2d 538; accord *Suarez v Underwood,* 103 Misc 2d 445; *Hernandez v Underwood,* 7 Med L Rep 1535; *Yuhas v Mudge,* 129 NJ Super 207). It was error, however, to construe the complaint as also pleading a prima facie tort, since malice and special damages were not pleaded (see *ATI, Inc. v Ruder & Finn,* 42 NY2d 454). Moreover, plaintiff failed to present evidentiary facts sufficient to establish a cause of action for prima facie tort. Accordingly, summary judgment is granted to defendant, and the entire complaint is dismissed. Damiani, J. P., Mangano, Gibbons and Boyers, JJ., concur.