OPINION OF THE COURT
Lawrence E. Kahn, J.
In the above-entitled action, plaintiff seeks summary judgment for the relief demanded in the complaint. Defendant has cross-moved for summary judgment dismissing same. The complaint seeks an order pursuant to article 10-A of the Personal Property Law, permanently enjoining and restraining defendant from engaging in violations of the Door-To-Door Sales Protection Act. It further seeks an order pursuant to article 22-A of the General Business Law, permanently enjoining and restraining defendant from engaging in alleged deceptive acts and practices in the performance of its business.
The defendant is a domestic corporation engaged in the business of wholesale and retail sale of equipment parts and components for radio, television and stereo equipment. Its principal place of business is located at 15 Green Mountain Drive, Cohoes, New York. In the conduct of its *865 business, it conducts stereo and tool “liquidation sales” at various locations in the State of New York. In conducting these sales, it announces same through advertisements in various local newspapers and through the television and radio media. Upon receipt of three complaints with respect to defendant’s sales practices, the Consumer Frauds and Protection Bureau of the Office of the Attorney-General duly investigated same. After conclusion of their investigation, the instant action was commenced.
The affidavit in support of plaintiff’s motion for summary judgment asserts that the defendant has violated the provisions of the General Business Law which declare unlawful, deceptive acts or practice in the conduct of any business, trade or commerce or in the furnishing of any service in this State. The complaint and the affidavits attached thereto assert that the defendant has failed to adequately repair, exchange or refund money and/or services upon request by customers who are dissatisfied with defendant’s merchandise. The affidavits submitted in support of the cross motion for summary judgment and in opposition to plaintiff’s motion substantially contest these charges and propound facts which, if proved, would constitute a defense to the alleged violation of section 349 of the General Business Law. Summary judgment may not be granted when triable issues of fact exist (Bakerian v Horn, 21 AD2d 714). Accordingly, that portion of the motion and cross motions which seek summary judgment on plaintiff’s first cause of action must be denied.
Of more far-reaching consequence is the plaintiff’s allegation that defendant has violated the provisions of article 10-A of the Personal Property Law (Door-To-Door Sales Protection Act). If the conditions set forth therein are established, “the buyer or other person obligated for any part of the purchase price may cancel [a] door-to-door sale until midnight of the third business day after the day on which the buyer has signed an agreement or offer to purchase relating to such sale.” (Personal Property Law, § 427, subd 1.) The article requires a seller to furnish the buyer a specific form notice of this provision. In the case at bar, defendant admits that it provides purchasers with no such information, and affirmatively asserts that the provi *866 sions of this article are not applicable to its sales. “Door-to-door sales” are defined to mean “a sale * * * of consumer goods or services in which the seller or his representative personally solicits the sale * * * and the buyer’s agreement or offer to purchase is made at a place other than the place of business of the seller.” (Personal Property Law, § 426, subd 1.)
The Legislature has enunciated the rationale for this legislation. “The purpose of this act is to afford consumers a ‘cooling-off’ period to cancel contracts which are entered into as a result of high pressure door-to-door sales tactics.” (Personal Property Law, § 425.) Thus, the clear intent is to protect unsolicited intrusion into a person’s private domain. It affords a purchaser the opportunity to be a “Monday morning quarterback” with respect to an unsolicited purchase of consumer goods or services.
In determining whether this article is applicable to the facts at bar, the key issue is the definition of “door-to-door sale”. In order to be encompassed therein, the seller or his representative must personally solicit the sale. This implies an affirmative act whereby the potential purchaser is unilaterally confronted with the imminent prospect of a sale by a method which negates his or her ability to formulate an initial intent to purchase. This critical factor is absent in the case at bar. In timeless American tradition, the defendant has utilized various media to advertise the availability of its merchandise and invited the public at large to participate in its sale. No personal solicitation is made or attempted. Thus, it is the potential consumer who forms the initial, intent to travel to defendant’s announced location to determine if a purchase will be made. Therefore, there is no violation of the Legislature’s desire to protect intrusion into a person’s private life.
If the plaintiff’s interpretation of this legislation were adopted, various entities which advertise temporary locations for sales would be required to comply with the provisions of article 10-A. Summer flea markets, antique shows whereby dealers commonly assemble at a central location, various art sales and jewelry sales often held at the Empire State Plaza, estate sales held “on premises” and other such activities would require the issuance of a three-day notice *867 with each purchase. As in the case of the defendant herein, these types of business activities involve situations where a potential consumer makes an affirmative determination to attend same. Thus, the need to be protected from “high pressure door-to-door sales tactics” through personal solicitation is not present.
The motion and cross motion for summary judgment based upon plaintiff’s first cause of action shall be referred to the Albany County, Trial Term, Part I (CPLR 2218). Counsel for plaintiff shall comply with the requirements of 22 NYCRR 862.5. Plaintiff’s motion for summary judgment on its second cause of action shall be denied. Defendant’s cross motion for an order granting summary judgment dismissing plaintiff’s second cause of action shall be granted.