OPINION OF THE COURT
Joan B. Lefkowitz, J.
In this special proceeding petitioner moves for a judgment *992 against respondent for its failure to timely honor a restraining notice. Petitioner had obtained a judgment in the sum of $5,158.48 against Michael Hale of which amount $4,558.48 was outstanding when a restraining notice and information subpoena were served on respondent bank.
Service was made by mail on March 3, 1993 to respondent’s central office which processes such documents. The restraining notice was received, at a time not reflected in the record, on March 4, 1993. At that time, the judgment debtor had two accounts with respondent bank: a savings account of $3,005.79 and checking account of $210.84. At 12:04 p.m. on March 5, 1993, the judgment debtor withdrew $2,950 from the accounts. At 3:00 p.m. that day a "hold” was placed on the judgment debtor’s account.
Petitioner seeks a judgment in the sum of $2,950 purportedly wrongfully paid to Mr. Hale when a restraint was issued. Petitioner relies on CPLR 5222 (b) which provides in pertinent part that a third person in possession of the judgment debtor’s property "is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff, except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him, or until the judgment is satisfied or vacated, whichever event first occurs.”
Respondent argues that it acted in good faith and as expeditiously as possible given the fact that it processes thousands of restraining notices each month. By appropriate affidavit the respondent has demonstrated its regular business procedures to review, log and process restraining notices. Respondent avers that during the first week in March 1993 (March 1-5) it received 774 restraining notices. A documentary exhibit reveals that on March 4, 1993 the central office received 73 restraining notices in addition to other types of notices such as information subpoenas, tax levies, executions, judicial subpoenas, release letters and IRS summons.
The tenor of CPLR 5222 (b) is to have the restraint become effective immediately, i.e., on receipt (service) of the notice. (Matter of Sumitomo Shoji N. Y. v Chemical Bank, 47 Misc 2d 741 [Sup Ct, NY County 1965], affd 25 AD2d 499 [1st Dept 1966]; 54 NY Jur 2d, Enforcement of Judgments, § 326; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C5222:4, at 189 ["Ordinarily the restraint operates upon the account forthwith”].)
*993 There was a time in the not so distant past that banks were given time to search their records of accounts and a restraining notice was only effective if served on the branch wherein the account was located. (Therm-X-Chem. & Oil Corp. v Extebank, 84 AD2d 787 [2d Dept 1981].) But that exception to the effectiveness on service of the restraining notice rule has been abrogated as to banks with centralized computer service. (Therm-X-Chem. & Oil Corp. v Extebank, supra; Intercontinental Credit Corp. Div. of Pan Am. Trade Dev. Corp. v Roth, 152 Misc 2d 751 [Sup Ct, NY County 1990]; Kates v Marine Midland Bank, 143 Misc 2d 721 [Sup Ct, Monroe County 1989]; 6 Weinstein-Korn-Miller, NY Civ Prac [| 5222.09.) Respondent has such centralized services.
Nevertheless, it seems clear that service of the restraining notice on a bank may not operate eo instanti where it acts in a commercially reasonable fashion and in good faith in fact. The Legislature has recognized this principle in other situations involving banks (see, e.g., UCC 3-506 [1]; 4-202 [2]; 4-303 [1]; 4-403 [1]; 4-212 [1]). In the court’s opinion the principle of commercial reasonableness should also apply in the context of restraining notices so that a bank, albeit with centralized computer services, is afforded a reasonable period of time to process the document and put a hold on the subject account. Any other rule would impose upon financial institutions an onerous burden. (Cf., 6 Weinstein-Korn-Miller, NY Civ Prac 5222.13.)
Therefore, it seems preferable to establish a rule of law of commercial reasonability to measure a bank’s timeliness obligation as garnishee when it acts in good faith in fact, as it did here. Under the circumstances herein the court believes that allowing the bank until the close of business the day after receipt of the restraining notice is appropriate. Accordingly, the petition is dismissed without costs and disbursements.