OPINION OF THE COURT
Philip C. Segal, J.
Petitioner’s motion in this child protective proceeding for an order directing respondent Angel O. to submit to a forensic mental health examination by petitioner’s expert is granted in accordance with the following.
The court expresses no opinion as to whether the results of such an examination would be admissible at the fact-finding hearing. (Compare, Matter of Tyson G., 144 AD2d 673 [2d Dept 1988], with Matter of Aryeh-Levi K., 134 AD2d 428 [2d Dept 1987], and People v Wesley, 83 NY2d 417 [1994]; see also, McCord, Syndromes, Profiles and Other Mental Exotica: A New Approach to the Admissibility of Nontraditional Psychological Evidence in Criminal Cases, 66 Ore L Rev 19 [1987].) Regardless, in cases where, as here, an individual is alleged to have sexually abused a child, his or her mental condition is sufficiently "in controversy” (CPLR 3121 [a]) at the fact-finding stage so that a mental health examination by a psychiatrist or properly qualified psychologist (Family Ct Act § 251 [a]) is appropriate as a matter of pretrial disclosure. Such a mental health examination, at the very least, could lead to the discovery of admissible evidence, and therefore should be permitted. (Cf., Burgel v Burgel, 141 AD2d 215 [2d Dept 1988].) This result is required by the broad scope of discovery mandated in CPLR article 31 as applied in child protective proceedings (Matter of Trida K., 160 Misc 2d 935 [Fam Ct 1994]); this mandate is equally applicable to all parties (Family Ct Act § 1038 [d]; CPLR 3101 [a]; see, Koump v Smith, 25 NY2d 287, 291 [1969]).
In contrast to the foregoing, a mental health examination is not "material and necessary” (CPLR 3101 [a]) to the prosecution of the separate neglect allegations against corespondent Rosemarie L. because the allegations against her do not involve sexual abuse or otherwise raise questions as to her mental health. If those allegations are sustained, however, respondent Rosemarie L. may be directed to undergo a mental health examination in connection with a dispositional hearing.
Finally, any issues that could arise from a decision by respondent Angel O. not to participate in a mental health *520 examination on Fifth Amendment or other grounds may be resolved in a separate motion or at trial.
Settle order on seven days’ notice to opposing counsel including the name of the expert to be utilized and a copy of his or her curriculum vitae.