■ **JOHN DORIS, INC.,** Respondent, v **SOLOMON R. GUGGEN-HEIM FOUNDATION,** Appellant. [618 NYS2d 99] —In an action to recover damages for an alleged breach of contract, the defendant appeals, as limited by its brief, from so much of an order

of the Supreme Court, Queens County (Dunkin, J.), dated February 11, 1993, as denied that branch of its cross motion which was for partial summary judgment dismissing the plaintiff's third cause of action sounding in quasi contract.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendant's motion which was to dismiss the third cause of action is granted, and the third cause of action is dismissed.

The plaintiff completed the electrical installation work called for by its contract with the defendant, and then sued the defendant for damages, raising both breach of contract and quasi-contract claims. However, "[i]t is impermissible * * * to seek damages in an action sounding in quasi contract where the suing party has fully performed on a valid written agreement, the existence of which is undisputed, and the scope of which clearly covers the dispute between the parties" (*Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, 70 NY2d 382, 389; *see also, Knoll v Cape Cod Sea Food Rest.*, 35 NY2d 917; *Sullivan v International Fid. Ins. Co.*, 96 AD2d 555; *Farm Automation Corp. v Senter*, 84 AD2d 757; *Levi v Power Conversion*, 47 AD2d 543).

Moreover, although the record contains a number of "change orders", the plaintiff fails to specify what work it performed that was outside the "subject matter" encompassed by the original contract. Indeed, in its specified grievances, the plaintiff merely blames the defendant for various "delays" and "interferences" in the steady progress of the work. However, under the express terms of paragraph 10 of the contract, the plaintiff agreed to waive any right it might have to bring a cause of action sounding in quasi contract; and it further covenanted not to seek monetary recovery for losses due to delays, interference with, or changes to the contract, whether caused by the owner or anyone else. The language of the contract is clear and unambiguous, and the courts may not rewrite the agreement to relieve a sophisticated contracting party from terms that it later deems disadvantageous (*see, Slatt v Slatt*, 64 NY2d 966; *Fiore v Fiore*, 46 NY2d 971; *Rodolitz v Neptune Paper Prods.*, 22 NY2d 383, 386-387; *Seifert, Hirshorn & Packman v Insurance Co.*, 36 AD2d 506, 508). Ritter, J. P., Copertino, Friedmann and Florio, JJ., concur.