■ S.A.E. Motor Parts Co., Inc., Appellant, v Irving Tenenbaum, Respondent. [640 NYS2d 615] —In an action, *inter alia,* to recover damages for tortious interference with contractual relations, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Becker, J.), dated December 9, 1994, as granted the defendant's motion to dismiss the cause of action to recover damages for tortious interference with contractual relations, and denied its application for leave to amend the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced the instant action against the defendant based on, *inter alia,* tortious interference with contractual relations. The defendant moved, pursuant to CPLR 3211 (a) (7) to dismiss that cause of action for failure to state a cause of action. The Supreme Court granted the motion. On appeal, the plaintiff contends that the court erred in dismissing that cause of action and in denying its application for leave to amend the complaint.

On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7), the question "is not whether the plaintiff will ultimately prevail in the litigation, but whether the complaint states a cause of action (*see, Becker v Schwartz,* 46 NY2d 401, 408). For the purposes of this review the allegations in the plaintiff's complaint must be assumed to be true (*see, Becker v Schwartz, supra,* at 408)" (*Reliance Ins. Co. v Morris Assocs.,* 200 AD2d 728, 729). Here, the plaintiff's allegations that third parties cancelled contracts with it because of the actions of the defendant are insufficient, without a factual basis, to state a cause of action for tortious interference with contractual relations (*Kronos, Inc. v AVX Corp.,* 81 NY2d 90; *M.J. & K. Co. v Matthew Bender & Co.,* 220 AD2d 488; *Fitzpatrick Constr. Corp. v County of Suffolk,* 138 AD2d 446, 449). Thus, the court properly dismissed the sixth cause of action.

Moreover, the court did not improvidently exercise its discretion in denying the plaintiff's application for leave to amend the complaint (*see, Ott v Automatic Connector,* 193 AD2d 657). Mangano, P. J., Balletta, Copertino and Hart, JJ., concur.