■ WASHINGTON AVENUE ASSOCIATES, INC., Respondent, v EUCLID EQUIPMENT, INC., et al., Defendants, and MIF REALTY L.P., Appellant. [645 NYS2d 511] —In an action, *inter alia,* to recover damages for tortious interference with a contract, the defendant MIF Realty L.P. appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Lane, J.), dated June 15, 1995, as denied its motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against it and granted the plaintiff's cross motion for leave to serve an amended complaint. The appellant's notice of appeal from an order of the same court dated April 26, 1995, which, upon reargument, adhered to its determination made in a decision dated January 27, 1995, is deemed a premature notice of appeal from the order dated June 15, 1995, entered upon the decision *(see,* CPLR 5520 [c]).

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, the motion is granted, the cross motion is denied, and the complaint is dismissed insofar as asserted against the appellant.

In order to state a cause of action for tortious interference with a contract a plaintiff must allege, *inter alia,* that the defendant intentionally induced a third party to breach or otherwise render performance of a contract with the plaintiff impossible *(see, Kronos, Inc. v AVX Corp.,* 81 NY2d 90, 94; *Guard-Life Corp. v Parker Hardware Mfg. Corp.,* 50 NY2d 183, 189-190; *Home Town Muffler v Cole Muffler,* 202 AD2d 764, 766). Specifically, the plaintiff must allege that the contract would not have been breached "but for" the defendant's conduct *(see, Israel v Wood Dolson Co.,* 1 NY2d 116; *Pyramid Brokerage Co. v Citibank (N. Y. State),* 145 AD2d 912; *Key Bank v Lake Placid Co.,* 103 AD2d 19). Although on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) "the [narrow] question presented for review is not whether [the] plaintiff * * * should ultimately prevail in this litigation, but * * * whether [the complaint] state[s] cognizable causes of action" *(Becker v Schwartz,* 46 NY2d 401, 408), the allegations in the complaint cannot be vague and conclusory *(see, O'Riordan v Suffolk Ch., Local No. 852, Civ. Serv. Empls. Assn.,* 95 AD2d 800).

Here, the defendant Euclid Equipment, Inc. (hereinafter Euclid) breached its lease with the plaintiff by failing to make three consecutive rent payments. The plaintiff contends that but for the appellant's actions Euclid would have cured the breach and paid the subsequent rent payments that became due each month. However, the plaintiff did not support this conclusory allegation with any relevant facts. Indeed, the plaintiff merely asserted that the appellant had conversations with Euclid which caused Euclid to breach the lease agreement. The plaintiff's contention that Euclid breached the lease because of the appellant's actions, without a factual basis to support it, was insufficient to state a cause of action against the appellant for tortious interference with contractual relations *(see, S.A.E. Motor Parts Co. v Tenenbaum,* 226 AD2d 518; *M.J. & K. Co. v Matthew Bender & Co.,* 220 AD2d 488; *Fitzpatrick, Jr. Constr. Corp. v County of Suffolk,* 138 AD2d 446, 449).

It is well established that leave to amend pleadings under CPLR 3025 (b) is to be freely given provided that there is no prejudice to the nonmoving party and that the amendment is not plainly lacking in merit *(see, Metral v Horn,* 213 AD2d 524). The courts, however, should pass upon the proposed

pleading's merit before granting leave to amend so as to promote judicial economy and avoid wasteful motion practice *(see, Zabas v Kard,* 194 AD2d 784; *Sharapata v Town of Islip,* 82 AD2d 350, 362, *affd* 56 NY2d 332).

Here, the proposed amended complaint suffers from the same defects as the complaint with respect to the causation element of tortious interference with a contract. Accordingly, the court should not have granted leave to amend, since the merits of the proposed amended complaint were insufficient *(see, Zabas v Kard, supra).*

In light of the foregoing we need not reach the parties' remaining contentions. Bracken, J. P., Thompson, Krausman and Florio, JJ., concur.