PAUL MUCCI, Appellant, v MUNSEY PARK ASSOCIATES et al., Respondents. [647 NYS2d 247] —In an action, *inter alia,* to recover a real estate brokerage commission, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Kohn, J.), entered July 5, 1995, which granted the defendants' motion for summary judgment dismissing the complaint, and (2) a judgment of the same court, entered July 26, 1995, which is in favor of the defendants and against him.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

Contrary to the plaintiff's contention, the subject real estate brokerage commission agreement unequivocally provided that he would only be entitled to a commission and consulting fee in the event that the defendant Munsey Park Associates (here-

inafter MPA) exercised its option to purchase the specified property and took title thereto. The plaintiff and MPA were free to include this term in the commission agreement (see, *Feinberg Bros. Agency v Berted Realty Co.*, 70 NY2d 828). Inasmuch as no ambiguity exists with respect to the language of the agreement (see, *W.W.W. Assocs. v Giancontieri*, 77 NY2d 157), and it is undisputed that MPA neither exercised the option nor acquired title to the property, no commission or other fee was earned (see, *Graff v Billet*, 64 NY2d 899).

Similarly unavailing are the plaintiff's contentions that he is entitled to recover in quasi-contract or fraud because the defendants TH Associates and TH Associates II (hereinafter the TH defendants), partnerships which share the same principals with MPA, eventually purchased the subject property pursuant to a new and different agreement with the owner. "The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter" (*Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, 70 NY2d 382, 388; *John Doris, Inc. v Guggenheim Found.*, 209 AD2d 380). Moreover, the plaintiff did not perform any services on behalf of the TH defendants and thus failed to establish the requisite element of unjust enrichment of those defendants (see, *Kagan v K-Tel Entertainment*, 172 AD2d 375). The plaintiff's fraud claim must fail since, *inter alia*, the record fails to suggest that MPA or any of the other defendants engaged in any conspiracy or fraudulent conduct during the relevant period in order to frustrate the plaintiff's collection of a commission and consulting fee.

We have considered the plaintiff's remaining contentions in opposition to the award of summary judgment and find them to be without merit. Miller, J. P., O'Brien, Sullivan and Florio, JJ., concur.