■ BARRY K. FINE, Respondent, v GORDON, KUSHNICK & GORDON, Appellant. [656 NYS2d 327] —In an action to recover damages for prima facie tort, the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Gowan, J.), dated March 27, 1996, as denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendant's motion is granted, and the complaint is dismissed.

The plaintiff, an attorney, subleased office space from the defendant, a law partnership. The originally amicable relationship between the parties deteriorated when the plaintiff fell behind in his payment of rent and related expenses under the leasehold agreement. When the plaintiff moved out, the defendant sued him for $51,355.55 due under the sublease. The plaintiff, in turn, commenced the instant action against the defendant for $57,250, alleging that the defendant had maliciously driven him to abandon his leasehold by, *inter alia,* "making demands for payment of monies allegedly due as a consequence of the plaintiff's tenancy".

We conclude that the Supreme Court erred in denying the defendant's cross motion for summary judgment. The plaintiff's complaint fails to articulate a cognizable claim sounding in prima facie tort, because, *inter alia,* the plaintiff failed to allege "evidentiary facts sufficient to establish a cause of action" (*Pressler v Dow Jones & Co.,* 88 AD2d 928, 929), and failed to particularize his "special damages" so as to " 'identify actual losses * * * related causally to the alleged tortious acts' " (*Tanenbaum v Anchor Sav. Bank,* 95 AD2d 827; *Lincoln First Bank v Siegel,* 60 AD2d 270, 279-280; *see also, Freihofer v Hearst Corp.,* 65 NY2d 135, 142-143). The record does not support the plaintiff's contention that by asking him to pay his bills, the defendant was trying to harm him or was motivated by disinterested malevolence (*see, e.g., WFB Telecommunications v NYNEX Corp.,* 188 AD2d 257; *Broadway & 67th St. Corp. v*

*City of New York*, 100 AD2d 478; *James v Saltsman*, 99 AD2d 797). Altman, J. P., Friedmann, Goldstein and Luciano, JJ., concur.