■ SCHUCKMAN REALTY, INC., et al., Respondents, v MARINE MIDLAND BANK, N. A., Appellant. [664 NYS2d 73] —In an action to recover a broker's commission, the defendant appeals from an order of the Supreme Court, Nassau County (Schmidt, J.), entered June 19, 1996, which denied its motion to dismiss the complaint for failure to state a cause of action.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiffs are not entitled, under a theory of either express or implied contract, to recover a commission from the defendant. The defendant never retained the plaintiffs to act as its broker, and in fact the plaintiffs entered into brokerage agreements with parties other than the defendant (see, Julien J. Studley, Inc. v New York News, 70 NY2d 628, 629; Praedia Realty Corp. v Durst, 233 AD2d 380).

The plaintiffs are also not entitled to recovery in quantum meruit, as the existence of a valid and enforceable agreement (here, between the plaintiffs and parties other than the defendant) governing a "particular subject matter" (here, a broker's commission), "ordinarily precludes recovery in quasi contract

for events arising out of the same subject matter" (*Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382, 388; *Mucci v Munsey Park Assocs.,* 231 AD2d 501; *Metropolitan Elec. Mfg. Co. v Herbert Constr. Co.,* 183 AD2d 758, 759). Furthermore, it is not enough that the "defendant received a benefit from the activities of the plaintiff[s] * * * if services were performed at the behest of someone other than the defendant, the plaintiff[s] must look to that person for recovery" (*Kagan v K-Tel Entertainment,* 172 AD2d 375, 376; *Mucci v Munsey Park Assocs., supra*). The plaintiffs' complaint alleges that the services were performed not at the behest of the defendant, but for the parties with whom the plaintiffs had entered into contractual arrangements. Under these circumstances, the plaintiffs cannot seek recovery of a commission from the defendant.

The cause of action alleging tortious interference with contractual relations must also be dismissed, as the allegations in support of this cause of action are devoid of a factual basis and are vague and conclusory (*see, Washington Ave. Assocs. v Euclid Equip.,* 229 AD2d 486; *M.J. & K. Co. v Matthew Bender & Co.,* 220 AD2d 488, 490). The plaintiffs have not alleged that the defendant "intentionally procured" the breach of any contract, that any contract was in fact "breached" (*Lama Holding Co. v Smith Barney,* 88 NY2d 413, 425), or that the "contract would not have been breached 'but for' the defendant's conduct" (*Washington Ave. Assocs. v Euclid Equip., supra,* at 487; *Israel v Wood Dolson Co.,* 1 NY2d 116). Rosenblatt, J. P., Miller, Ritter and Krausman, JJ., concur.