■ THOMAS A. WILLIAMS, Respondent, v RICHARD A. ALIANO et al., Appellants. [668 NYS2d 225] —In an action, *inter alia,* to recover damages for breach of contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Ain, J.), entered December 18, 1996, as granted those branches of the plaintiff's motion which were to dismiss the first affirmative defense and sixth counterclaim set forth in the defendants' answer, and denied that branch of their cross motion which sought leave to serve an amended answer.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly dismissed the defendants' sixth counterclaim, which seeks damages for tortious interference with an employment relationship. It is well settled that on a motion to dismiss pursuant to CPLR 3211 (a) (7), the question is not whether the party pleading the claim will ultimately prevail, but whether the claim states a cause of action (*see, S.A.E. Motor Parts Co. v Tenenbaum,* 226 AD2d 518). For the purposes of this review, the allegations in the pleading must be assumed to be true, and liberally construed giving the pleading party the benefit of every favorable inference (*see, Leon v Martinez,* 84 NY2d 83, 87; *S.A.E. Motor Parts Co. v Tenenbaum, supra).* At bar, even assuming the truth of the defendants' assertion that the plaintiff engaged in conduct which caused a secretary employed by them to be "uncomfortable, humiliated and uneasy in the workplace", the defendants' submissions fail to set forth a factual basis for their conclusory claims that the plaintiff intentionally interfered with the employment relationship, or that their economic interest in the employer-employee relationship was harmed in any way. Accordingly, the Supreme Court properly concluded that the defendants do not have a cognizable right to recover damages for the emotional distress which their employee allegedly suffered.

Furthermore, the court properly denied the defendants leave to serve an amended answer containing an additional counterclaim alleging interference with the performance of a employment contract, which suffers from the same deficiencies as the sixth counterclaim (*see, Washington Ave. Assocs. v Euclid Equip.*, 229 AD2d 486).

The defendants' remaining contention is without merit. Joy, J. P., Krausman, Florio and McGinity, JJ., concur.