■ CARROLL B. STOIANOFF, Appellant, v ED GAHONA et al., Defendants, and NEW YORK TIMES, Respondent. [670 NYS2d 204] —In an action to recover damages, *inter alia*, for collusion and conspiracy to deceive, the plaintiff appeals from (1) so much of an order of the Supreme Court, Westchester County (Silverman, J.), entered December 2, 1996, as granted the motion by the defendant New York Times pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against it, (2) an order of the same court entered March 26, 1997, which denied his motion to reargue, and (3) a judgment of the same court entered March 26, 1997, dismissing the complaint insofar as asserted against the defendant New York Times.

Ordered that the appeal from the order entered December 2, 1996, is dismissed; and it is further,

Ordered that the appeal from the order entered March 26, 1997, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order entered December 2, 1996, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action

(*see, Matter of Aho*, 39 NY2d 241, 248). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (*see*, CPLR 5501 [a] [1]).

The plaintiff responded to an advertisement located in the respondent's Sunday New York Times Book Review section which solicited manuscripts for publication. Thereafter, the plaintiff declined to have his manuscripts edited by a service recommended by the publisher to whom he sent the manuscripts. Suspecting that the publisher and editing service were, for all practical purposes, the same entity, and that the advertisement was not truly soliciting manuscripts for publication, but rather, soliciting for the use of editorial services for a fee, the plaintiff demanded the return of his manuscripts, only to find that they had been destroyed. The plaintiff then commenced this action.

Although on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) the narrow question is whether the complaint states a cognizable cause of action (*see, Washington Ave. Assocs. v Euclid Equip.*, 229 AD2d 486), the allegations in the complaint cannot be vague and conclusory (*see, Washington Ave. Assocs. v Euclid Equip., supra; Schuckman Realty v Marine Midland Bank*, 244 AD2d 400). Here, accepting the alleged facts as true and giving the plaintiff every possible favorable inference (*see, Leon v Martinez*, 84 NY2d 83, 87; *Hirschhorn v Hirschhorn*, 194 AD2d 768), the facts allege nothing more than negligence insofar as concerns the respondent. The allegations in support of the causes of action sounding in collusion, conspiracy, deceptive practices, etc. "are devoid of a factual basis and are vague and conclusory" and were properly dismissed (*Schuckman Realty v Marine Midland Bank, supra; Washington Ave. Assocs. v Euclid Equip., supra*).

With reference to the cause of action sounding in negligence, there is no duty on the part of a publisher to investigate its advertiser absent a special relationship between the parties (*see, Pressler v Dow Jones & Co.*, 88 AD2d 928; *Daniel v Dow Jones & Co.*, 137 Misc 2d 94, 97; *Suarez v Underwood*, 103 Misc 2d 445, 448, *affd* 84 AD2d 787). Further, no such legal duty rests upon a newspaper unless it undertakes to guarantee, warrant, or endorse the product (*see, Suarez v Underwood, supra; Yuhas v Mudge*, 129 NJ Super 207, 209). Here, there were no facts alleged supporting the plaintiff's contention that the respondent in any way guaranteed the services advertised or endorsed the advertiser. Moreover, there were no facts alleged supporting any claim that a special relationship existed

such that would give rise to a duty upon the respondent to investigate the instant advertiser (*see, Daniel v Dow Jones & Co., supra*).

The plaintiff's remaining contentions are without merit. Santucci, J. P., Joy, Friedmann and McGinity, JJ., concur.