■ CARRIE COAKLEY et al., Appellants, v VV PUBLISHING CORPORATION, Respondent. PATRICIA WEISS, Nonparty Appellant. [679 NYS2d 20] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered July 16, 1997, which granted defendant's motion to dismiss the complaint with prejudice pursuant to CPLR 3211 (a) (7), and directed plaintiffs, jointly and severally, and plaintiffs' counsel each to pay defendant $500 as a sanction for frivolous conduct, unanimously affirmed, with costs.

The IAS Court correctly dismissed with prejudice plaintiffs' complaint since it was based on allegations that plaintiffs were injured by defendant's publication in its newspaper of an advertisement submitted by plaintiffs' sublessee to sell "summer shares" in the house plaintiffs leased. Such "summer share" arrangements are alleged to be unlawful under applicable local zoning ordinances. Absent a special relationship between a plaintiff and a publisher, which is not alleged to exist here, the publisher may not be held accountable for failing to investigate the truthfulness of statements in an advertisement

it publishes (*see, Stoianoff v Gahona*, 248 AD2d 525, *appeal dismissed* 92 NY2d 844; *Pressler v Dow Jones & Co.*, 88 AD2d 928) or for conduct promoted by the advertisement that appears on its face to be lawful (*cf., State Div. of Human Rights v Binghamton Press Co.*, 67 AD2d 231, 239). We reject plaintiffs' contention that defendant should be charged with knowledge of the local laws of every locality from which it accepts advertising.

Under the circumstances of this case, the court's imposition of sanctions was an appropriate exercise of discretion. Concur—Lerner, P. J., Sullivan, Rosenberger, Ellerin and Rubin, JJ.