■ FREDERIC GREENE et al., Respondents, v CHRONOMETRIC TELECOMMUNICATIONS, INC., Appellants. [704 NYS2d 889] —In an action, *inter alia*, to recover damages for breach of contract, the defendants appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Nassau County (McCabe, J.), dated November 13, 1998, which, *inter alia*, granted those branches of the plaintiffs' motion which were pursuant to CPLR 3211 (a) to dismiss their counterclaims alleging prima facie tort and to strike the affirmative defenses of collateral estoppel and res judicata, denied that branch of their cross motion which was for partial summary judgment dismissing the first, second, fourth, and fifth causes of action insofar

as asserted against the defendant Jack M. Greene, and the sixth, seventh, and eighth causes of action insofar as asserted against the defendant Chronometric Telecommunications, Inc., and purportedly denied that branch of their cross motion pursuant to CPLR 3211 (a) (7) which was to dismiss the complaint for failure to state a cause of action.

Ordered that the appeal by the defendant Chronometric Telecommunications, Inc., from so much of the order as denied that branch of the cross motion which was for partial summary judgment dismissing the first, second, fourth, and fifth causes of action insofar as asserted against the defendant Jack M. Greene, is dismissed, as the defendant Chronometric Telecommunications, Inc., is not aggrieved by that portion of the order (*see,* CPLR 5511); and it is further,

Ordered that the appeal by the defendant Jack M. Greene from so much of the order as denied that branch of the cross motion which was for partial summary judgment dismissing the sixth, seventh, and eighth causes of action insofar as asserted against the defendant Chronometric Telecommunications, Inc., is dismissed, as the defendant Jack M. Greene is not aggrieved by that portion of the order (*see,* CPLR 5511); and it is further,

Ordered that the appeal from so much of the order as purportedly denied that branch of the cross motion which was to dismiss the complaint is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The plaintiffs brought this action against their former employer, the defendant Chronometric Telecommunications, Inc., and the defendant Jack M. Greene, individually and as president of Chronometric Telecommunications, Inc., alleging, *inter alia*, breach of separate employment agreements and anticipatory breach of a stock option agreement entered into by each of them.

The Supreme Court properly denied that branch of the defendants' cross motion which was for summary judgment on the first, second, fourth, and fifth causes of action insofar as asserted against the defendant Jack M. Greene, and the sixth, seventh, and eighth causes of action insofar as asserted against the defendant Chronometric Telecommunications, Inc. There are triable issues of fact as to whether the agreements at issue were executed by Jack M. Greene in his individual or corporate capacity and whether those related agreements called for per-

formance by both of the defendants (*see,* CPLR 3212 [b]; *Alvarez v Prospect Hosp.,* 68 NY2d 320).

The appeal from that portion of the order which purportedly denied that branch of the defendants' cross motion which was to dismiss the complaint for failure to state a cause of action must be dismissed since the court did not decide that branch of the cross motion but left it pending and undecided (*see, Sagarin v Sagarin,* 264 AD2d 769; *Katz v Katz,* 68 AD2d 536).

The court properly granted that branch of the plaintiffs' motion which was to dismiss the defendants' counterclaims alleging prima facie tort (*see, Freihofer v Hearst Corp.,* 65 NY2d 135, 142-143; *Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 332; *Fine v Gordon, Kushnick & Gordon,* 238 AD2d 373).

The defendants' remaining contentions are without merit. Ritter, J. P., Santucci, Thompson and McGinity, JJ., concur.