Matter of Emily R. (2004 NY Slip Op 51468(U))

[*1]

Matter of Emily R.

2004 NY Slip Op 51468(U)

Decided on July 16, 2004

Family Court, Suffolk County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 16, 2004

Family Court, Suffolk County
In the Matter of CPS o/b/o Emily R., 
 a Child under Eighteen Years of Age Alleged to be Neglected by Michael R. and Jennifer R., Respondents.
NN 3704-04

Suffolk County Attorney John Patrick Walsh, Esq. Patricia A. Condon, Esq.
Attorney for Petitioner Attorney for Michael R. McGuire, Condon, P.C.
400 Carleton Avenue 215 East Main Street, Suite 206 Attorney for Jennifer R.
Central Islip, New York 11722 Huntington, New York 11743 160 East Main Street
By: Frank Krotschinsky, Esq. Huntington, New York 11743
John B. Belmonte, Esq.
Law Guardian
Legal Aid Society of Suffolk County
400 Carleton Avenue
Central Islip, New York 11722

Jeffrey Arlen Spinner, J.
In these consolidated proceedings filed pursuant to Article 10 of the Family Court Act the Respondents Michael R. and Jennifer R. are alleged to have neglected Emily R., d.o.b.
1-1-1999, as that term is defined in F.C.A. §1012(f)(i)(B). The verified petition alleges, inter alia, that in or about September of 2003, and continuing to the present, the Respondent Jennifer R. placed her daughter Emily R. at risk of becoming physically, mentally and emotionally impaired due to the Respondent's diminished mental capacity. Her alleged diminished mental capacity manifested itself by hallucinations, the Respondent's statements that she was receiving communication, and had a cell phone implanted in her head. The petition further alleges that the Respondent believed unknown people had put "speakers" in her ear and the voices then would talk to her and tell her what she has to do around the house. Moreover, the Respondent believed there is a plot by family members to kidnap the subject child Emily and that the Respondent believed she is being poisoned with hormones. The gravamen of the petition against Respondent Michael R. is that, having the knowledge of the above alleged mental deficiencies, he permitted the Respondent Jennifer R. to provide care and supervision to the child and left the child in the sole care and supervision of Jennifer R. The Respondents now seek an Order pursuant to CPLR § 3212 granting summary judgment and dismissing the petitions. The Petitioner County and the Law Guardian both oppose the motion, and the Petitioner County cross moves for an Order pursuant to Family Court Act § 251 directing the Respondent Jennifer R. to submit to a psychiatric evaluation. Both Respondents oppose this application by the Petitioner county.
 Section §1012 of the Family Court Act defines a "neglected child " as one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent or other person legally responsible for his care to exercise a minimum degree of care...in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof. F.C.A. §1012(f)(i)(B). Impairment of physical, mental, or emotional condition is further defined in F.C.A. § 1012(h), and may result from an unwillingness or inability of the Respondent to exercise a minimum degree of care toward the child.
 It is well settled that in considering a motion for summary judgment or a motion to dismiss for failure to state a cause of action, allegations in the pleadings must be assumed to be true and liberally construed, giving the pleading party the benefit of [*2]every favorable inference. William v. Aliano, 246 AD2d 592, 668 N.Y.S.2d 225(2nd Dept. 1998); Leon v Martinez, 84 NY2d 83, 614 N.Y.S.2d 972; S.A.E. Motor Parts Co. v. Tenenbaum, 226 Ad2d 518, 640 N.Y.S.2 615. Upon careful review of the petitions, the Court finds on their face they allege sufficient facts to establish that the child is a neglected child under Article 10 of the Family Court Act. The allegations concerning the impaired mental health of the Respondent Jennifer R., if true, permit this Court to determine that she was unable to exercise a minimum degree of care in providing the child with proper supervision or guardianship. Moreover, based upon the nature and severity of the alleged hallucinations the Court may infer that the subject child was exposed to a substantial risk of harm and that that harm was imminent.
 The Respondents would have the Court consider testimony from a hearing held in March of 2004 pursuant to FCA § 1029 as evidence that no substantial risk of harm to the child existed at the times alleged in the petitions; specifically, the testimony of Child Protective Services employee Nadine Wagner. The fact that Ms. Wagner testified as to her belief that the child was not at imminent risk is not dispositive of any of the issues herein. The purpose and scope of a hearing pursuant to FCA § 1029 is limited to the issuance of a Temporary Order of Protection in a neglect proceeding for good cause shown. While the testimony adduced at the hearing resulted in this Court making a limited finding that a Temporary Order of Protection should not be issued, the same is not legally sufficient to grant a motion for summary judgment where, as stated above, allegations in the pleadings must be assumed to be true and liberally construed, giving the pleading party the benefit of every favorable inference. Notwithstanding the testimony at the hearing pursuant to FCA § 1029, the petitions on their face, as liberally construed permit a finding of neglect as to both Respondents. Accordingly, the motions of the Respondents for summary judgment are denied.
 Turning to the Petitioner County's cross motion for an Order pursuant to Family Court
 251 directing the Respondent Jennifer R. to submit to a psychiatric evaluation, for the following reasons, the application is granted.
 As stated above the petitions in the instant matter allege, inter alia, that Respondent Jennifer R. has experienced certain auditory hallucinations and may suffer from an untreated mental illness. The Petitioner now seeks an order pursuant to FCA § 251 to have the Respondent evaluated to determine whether she in fact suffers from an untreated mental illness which impairs her ability to care for her child. While the actual mechanism for ordering a psychiatric evaluation arises out of FCA § 251, the Petitioner County's motion should more appropriately be read as request for pre-trial discovery pursuant to Family Court Act § 1038 (d).
 Family Court Act § 1038(d) applies Civil Practice Law and [*3]Rules article 31 to child protection proceedings "unless otherwise proscribed" by Family Court Act article 10. Under CPLR § 3121(a), a party to a civil action whose mental condition is sufficiently placed in controversy may be compelled to submit to a forensic mental health examination upon motion of a party opponent. See, Matter of R.G. Children, 165 Misc 2d 518, 632 N.Y.S.2d 917 (Fam. Ct. Kings Co.1994). A verified petition alleging neglect on grounds of mental illness sufficiently places the Respondent's mental state in controversy to authorize a pre-fact finding examination pursuant to CPLR§ 3121(a). See, Matter of M. Children, 171 Misc 2d 838, 656 N.Y.S.2d 119 (Fam. Ct. Kings Co.1997). The standard applicable under CPLR § 3121(a), is whether such an evaluation is "material and necessary" to the Petitioner's case. See, Matter of R.G. Children, supra; Matter of Tyler S., 192 Misc 2d 728, 748 N.Y.S.2d 215 (Fam. Ct Kings Co 2002).
 In the instant matter the Petitioner has shown that an evaluation of the Respondent is material to the Petitioner's case by setting forth a sufficient basis for believing that the Respondent may suffer from an untreated mental illness. The statements made by the Respondent herself to the Child Protective Services Worker regarding her hallucinations and apparent paranoia give rise to a need for a determination regarding the Respondent's present mental condition as well as that at the time of the conduct alleged in the petitions. Moreover, in light of Jennifer R.'s continued refusal to comply with recommendations to submit voluntarily to a meaningful evaluation of her mental state, no other source of such information is available to the Petitioner. As such, there is no reliable, competent opinion regarding the Respondent's mental state as it affects her ability to care for Emily. See, Matter of Tyler S., supra. Consequently, the Petitioner County has shown that the evaluation is material to the preparation of the Petitioner's case and is necessary as unobtainable from another source.
 To the extent that Matter of Verena E., 163 Misc 2d 464, 621 N.Y.S.2d 436 is inconsistent with this result, this Court declines to follow that ruling. In Verena E., the
court relied upon FCA § 1047(b), upon language of FCA § 1038-a, and upon the absence within article 10 of "a statute authorizing the court to order pretrial psychiatric, psychological... examinations or reports", to hold that there is no authority under Family Court Act article 10 to compel a Respondent to submit to a pre-fact-finding psychological evaluation. The court cited FCA § 1047(b) as limiting the Family Court's authority to order pre-fact-finding evaluations. Moreover, the court read FCA § 1038-a as enlarging, rather than as limiting, discovery in child protection cases. This Court respectfully disagrees with this conclusion, and instead recognizes and adopts the well reasoned and detailed analysis set forth in Matter of Tyler S., 192 Misc 2d [*4]728, 748 N.Y.S.2d 215 (Fam. Ct Kings Co 2002).
 In Tyler S. , the Court stated:
Despite the concern in Verena E., that "[t]he respondent should not be compelled by the court to facilitate her own adjudication of neglect (citation omitted), there is nothing in the legislative history of FCA § 1047(b) or other statutes cited by the court to indicate that the legislature also intended to extend the protections afforded by the Fifth Amendment to respondents in proceedings under Family Court Act article 10. A child protection proceeding is not a criminal prosecution. (citation omitted) Unlike a criminal defendant, a respondent in a child protection proceeding may suffer an adverse inference from his or her silence at trial. (citation omitted) As in any other civil proceeding, a respondent in an article 10 proceeding may be required to answer interrogatories. (Citation omitted).
Reading FCA § 1038-a consistently with FCA § 1038(d), there is no evidence of a legislative intent to extend greater protection to testimonial evidence obtained from a respondent in a child protection case, than is afforded any other civil litigant whose mental condition is placed in issue by the pleadings. Rather, FCA § 1038-a demonstrates that the legislature chose to impose a higher burden of discovery in those instances where evidence is obtained from the person of the respondent, and in no others. Had the legislature intended to impose stricter standards for the discovery of testimonial evidence, then the legislature would have been equally specific. ( Matter of Tyler S., 192 Misc 2d 728, 748 N.Y.S.2d 215 at pg. 6.)
 Consequently, and consistent with this reasoning, the Court holds that FCA § 1038-a does not preclude this Court from ordering that the Respondent be examined by a psychiatrist for the purpose of evaluating the Respondent's mental condition. 
 This Court does not agree with the premise that FCA § 1047(b) limits the Court's authority to order pre-fact-finding evaluations. Family Court Act § 1047(b) applies to reports prepared for dispositional purposes which "may not be furnished to the court prior to the completion of fact-finding." In this case, FCA § 1047(b) has no application, since the evaluation is intended to assist Petitioner at fact-finding, and not at disposition.
 Finally, the Court must continue to be mindful of the express provisions of the Family Court Act § 1011. which states;
" This article is designed to establish procedures to help protect children from injury or mistreatment and to help safeguard their physical, mental and emotional well-being. It is designed to provide a due process of law for determining when the state, through its family court, [*5]may intervene against the wishes of a parent on behalf of a child so that his needs are properly met."
 Accordingly, the Petitioner County's motion for an Order pursuant to Family Court Act
§ 251 directing the Respondent Jennifer R. to submit to a psychiatric evaluation is granted.
 The parties and their attorneys are directed to appear before this Court on July 30, 2004 at 9:30 a.m. for the purpose of selecting a psychiatrist or other mental health professional to conduct an evaluation of the Respondent Jennifer R. pursuant to Family Court Act § 251 and for any other necessary proceedings herein.
 The foregoing constitutes the decision, judgment and order of this Court.
 HON. JEFFREY ARLEN SPINNER Judge of the Family Court Dated: July 16, 2004