■ VASOMEDICAL, INC., et al., Appellants, v BRENT BARRON et al., Respondents. [25 NYS3d 894]—In an action, inter alia, to recover damages for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and tortious inference with business relations, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (DeStefano, J.), entered January 10, 2014, as granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss so much of the complaint as alleged that the plaintiffs sustained damages in the form of the expense of certain retention bonuses and other employment benefits they were forced to pay as a result of the defendants' alleged misconduct.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss so much of the complaint as alleged that the plaintiffs sustained damages in the form of the expense of certain retention bonuses and other employment benefits they were forced to pay as a result of the defendants' alleged misconduct is denied.

In considering a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), "the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Sokol v Leader*, 74 AD3d 1180, 1181 [2010] [internal quotation marks omitted]; *see Nonnon v City of New York*, 9 NY3d 825, 827 [2007]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus" (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]).

Here, the Supreme Court erred in granting that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss so much of the complaint as alleged that the plaintiffs sustained damages in the form of the expense of certain retention bonuses and other employment benefits they were forced to pay as a result of the defendants' alleged

misconduct. Contrary to the defendants' contention, the plaintiffs alleged sufficient facts to show that their claimed damages in this regard were proximately caused by the defendants' alleged misconduct (*cf. DeRaffele v 210-220-230 Owners Corp.*, 33 AD3d 752, 753 [2006]; *Stafford v Reiner*, 23 AD3d 372 [2005]; *Williams v Aliano*, 246 AD2d 592 [1998]). Eng, P.J., Rivera, Hall and Hinds-Radix, JJ., concur.